Pfund *et al. v.* Zimmerman.

JOHN PFUND *et al.*, Appellants, *v.* EDWARD ZIMMER-
MAN, Appellee.

APPEAL FROM THE SUPERIOR COURT OF CHICAGO.

Where it appears that a specific sum was agreed upon as a rate of compensation
for services, no term of service being agreed upon, a recovery may be had at
the rate agreed upon, for the service rendered.

An instruction not authorized by the evidence, which is designed to bring infamy
upon a party, is most properly refused.

THIS was an action of assumpsit by the appellee against the
appellants to recover for work and labor.

The declaration contained three counts.

First count avers, that on January 18, 1858, at, etc., by an
agreement between the parties, the appellants employed the
appellee as a salesman in their business, at a salary of $1,000
per annum, with an additional allowance of $1.50 per day;
that the appellee performed such service from that day until
May 1, 1859; and concludes with the usual breach of non-
payment of the wages.

The second count is like the first substantially, except that
the expiration of the service is not stated.

The third count is a general indebitatus count.

The appellants pleaded non-assumpsit, to which the simili-
ter was added. Also, a plea of set-off in the usual form, for
money had and received by appellee for use of appellants.

To the second plea the appellee replied that he was not
indebted, etc., to which the appellants added their similiter.

The cause was tried by a jury, before GOODRICH, Judge.

The verdict and judgment was for the appellee, for $344.47.

The appellants moved for a new trial, which was overruled.
An appeal was prayed and granted.

The proof showed that the appellee was in the employment
of the appellants as salesman, cashier and book-keeper, from
January 18, 1858, until May 3, 1859.

That the appellants had employed appellee in the capacity
aforesaid, at an annual salary of $1,000, with an additional
allowance of $1.50 per day for spending money; that they

were satisfied with the appellee's services; that the only fault found against him was, that he had not booked some of the goods sold; that the appellee left the employment of the appellants of his own accord and without their knowledge.

That the services of appellee were worth $1,500 per annum.

It appeared that it was a custom among liquor dealers to allow their drummers or salesmen, money per diem to treat customers with; that the appellants were wholesale liquor dealers in Chicago; that the appellee was faithful, and competent to perform his said employment.

The appellant prayed these instructions, viz.:

1. If the jury believe, from the evidence, that the plaintiff Zimmerman embezzled or appropriated, during the period in which he was employed by the defendants, Pfirmann & Pfund, moneys belonging to them, he is not entitled to any wages whatever.

This instruction the court refused to give.

2. If the jury believe, from the evidence, that the plaintiff, during his employment, embezzled or appropriated more money belonging to the defendants than the defendants agreed to pay him, they will find a verdict for the defendants.

Given.

3. That if the jury believe, from the evidence, that the defendants have paid the plaintiff, and that the plaintiff embezzled or appropriated, of their moneys, during the course of his employment, more money than his salary amounted to according to the contract price, they will find for the defendants.

Given.

4. That if the jury believe, from the evidence, that the plaintiff agreed to serve the defendants by the year, and that he left prior to the expiration of the second year, without notice to his employers, without a discharge from them, and without their consent, then and in that event the plaintiff cannot recover for more than the first year's salary.

This instruction the court modified so as to read as follows:

That if the jury believe, from the evidence, that the plaintiff agreed to serve the defendants by the year, and that he left prior to the expiration of the second year, without reason-

able notice to his employers, without a discharge from them, and without their consent, then and in that event the plaintiff cannot recover for more than the first year's salary, if no new contract was made. But if the jury shall believe, from the evidence, that the contract was, that plaintiff was to serve at the rate of $1,000 per year, then he will be entitled to recover for all the time he served, at such rate as you, from the evidence, believe he is entitled to recover.

The appellants moved for a new trial, which was overruled.
The errors assigned are:
In refusing appellants' instruction numbered one.
In modifying appellants' instruction numbered four.
In overruling appellants' motion for a new trial.

R. S. Blackwell, and Gray, Bushnell & Avery, for Appellants.

Scates, McAllister & Jewett, for Appellee.

Caton, C. J. This judgment must be affirmed. The evidence in this case does not show a hiring for any specified time. The salary of $1,000 per year, as testified by the witness, was a rate of compensation for the time for which the plaintiff should serve, and not a specification of any particular term of service, agreed upon.

The first instruction asked for by the defendants was most properly refused. There was not a particle of evidence tending to show that the plaintiff had been guilty of embezzlement, and in such a state of the proof, it would have been highly improper for the court to have given an instruction implying that there was evidence tending to show he had committed such a crime.

The judgment is affirmed.           *Judgment affirmed.*