SAMUEL C. ORR

*v.*

E. M. WARD.

CONTRACT—*construction.* By the terms of a contract between plaintiff and defendant, plaintiff, in consideration of a certain sum for the year 1873, and of another sum for the year 1874, to be paid in semi-monthly or monthly installments, agreed to devote his whole time and attention solely to the business of the defendant. Under the contract, plaintiff entered the service of defendant, and continued in it up to June, 1873, when defendant suspended business: *Held,* in a suit by plaintiff for damages, on account of being thrown out of employment, that there was no undertaking on the part of defendant to continue plaintiff in his employment for any definite length of time, and that plaintiff could not recover.

APPEAL from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.

Messrs. FULLER & SMITH, for the appellant.

Mr. H. F. WHITE, and Mr. ABNER SMITH, for the appellee.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

The decision in this case depends mainly upon the construction that shall be given to the contract declared on. It is, in substance, as follows: In consideration of the sum of $2100 for the year 1873, and $2400 for the year 1874, to be paid in semi-monthly or monthly installments, appellee agreed to devote his whole time and attention solely to the interests of the firm of which it is alleged appellant was a member. By the second paragraph it is provided, appellee shall be allowed a commission on all sales in excess of $35,000, after deducting, from the aggregate sales made by him for the firm, the amount of goods returned, claims for deductions and shortages.

Under this agreement, appellee entered into the service of appellant's firm on the first day of January, 1873, as a traveling salesman, and continued in their employment up to the 11th day of June, 1873, for which service he was fully paid, under the provisions of the contract. At the latter date the firm became bankrupt, a provisional receiver was appointed to take charge of their stock, and appellee was discharged from further service, either by the assignee in charge or by the bankrupts themselves.

This action is in assumpsit, and is to recover damages for not continuing appellee in the service of the firm. But one breach is assigned in the special count in the declaration, and that is for being kept out of employment for a period of three months next following the date of appellee's discharge.

A complete answer to the breach assigned is, the contract contains no undertaking on the part of Cleveland, Johnson & Company to retain or continue appellee in the service of the firm for any definite period. We are to judge of the contract by what it contains. Having reduced it to writing, we must presume the parties have embodied in it their entire agreement. It contains no stipulation the firm will retain appellee for two years, or any other fixed period. Their undertaking is to pay him at a certain rate of compensation, if he shall discharge the duties assumed by him to be performed. No doubt

it is true each party contracted on the supposition the business would continue through the space of two years, but appellant's firm did not obligate themselves to continue it for that length of time. As a matter of fact, it terminated much sooner. We have no authority to add to the contract as the parties have made it, enlarging the liability of either one of them, and have no disposition to do so. The following cases are sufficiently analogous in their facts to·be illustrative of this view of the case: *Williamson* v. *Taylor*, 5 A. & E. 175; *Aspdin* v. *Austin*, ibid. 671.

Before appellee could recover, in any event, he must aver and prove he kept and performed his part of the agreement. This he has not done. It was the express agreement he should devote his whole time and attention solely to the interests of his employers. The proof shows he was, for a part of the time, at least, covered by the contract, engaged in taking orders for the Phila. Collar Co., for the sale of its goods. This is sufficient to bar a recovery, and is such a breach of the contract as would justify a rescission, although appellee may not have been discharged for that reason. *Ridgeway* v. *Henry Market Co.* 3 A. & E. 171; *Spotswood* v. *Barrow et al.* 5 Wels., Hurls. and Gor. 110.

The judgment will be reversed and the cause remanded.

*Judgment reversed.*