# Asa Griffin

## v.

# Eugene Domas.

*Master and Servant—Action for Wages—Issue as to Term of Employment—Rate of Compensation—Evidence—Instructions—Practice—Examination of Witnesses—Discretion.*

1.    Where the evidence is conflicting this court will not interfere with the verdict of the jury merely because a different result would have been as satisfactory.

2.    Where, in a contract for services, the minds of the parties meet as to the rate of compensation but not as to the term of service, or where the employment is at will for a stipulated rate of compensation, a recovery may be had in an action for wages at the agreed rate.

3.    In the case presented, it is *held:* That the plaintiff was entitled to quit work at any time, the jury having found that no fixed term was agreed upon; that the defendant was not entitled to damages for time lost by the plaintiff; that there was no substantial error in the admission of evidence; that certain errors in the rejection of evidence produced no injury; that the rulings of the court upon the instructions were substantially correct, with the exception of one instruction calling special attention to a single fact or circumstance not of a decisive character; and that said error is not sufficient to justify a reversal.

4.    The manner of conducting the examination of witnesses must be left to a considerable degree to the sound discretion of the trial court.

Griffin v. Domas.

[Opinion filed January 10, 1887.]

APPEAL from the Circuit Court of La Salle County; the Hon. GEORGE W. STIPP, Judge, presiding.

Mr. L. W. BREWER, for appellant.

Messrs. DUNCAN & O'CONOR, for appellee.

BAKER, P. J. This suit was commenced by appellee against appellant before a Justice of the Peace for the recovery of wages claimed to be due him, and he there obtained a judgment for $109. On an appeal by appellant to the Circuit Court, a verdict and judgment in favor of appellee for the same amount was the result of a jury trial.

Appellee worked from the 7th day of March, 1883, to the 3d day of September, following, with the exception of seven days that he lost, and it would seem the sum recovered was due him, unless it be that the defense interposed by appellant was established.

The claim in bar of the suit was that the contract of employment was for a specified time, from the 7th of March until after corn husking, and that appellee quit work without reasonable cause for so doing before the expiration of that time. The testimony upon the point whether the hiring was for a fixed period is somewhat conflicting and unsatisfactory, and we would have been quite as well content had the verdict of the jury been otherwise than it was upon that issue; at the same time we are unable to say the finding of the jury was so against the weight of evidence as to call for a reversal.

All parties agree that Domas was to have $15 a month until the spring work commenced in the field, and that thereafter he was to receive $25 a month. According to the testimony of Domas he did not agree to remain on the farm until after husking time, but appellant told him he had work for him till after husking, and he could work if he pleased, till after corn husking. Appellant and one other witness testify there was a positive and express agreement to work until after

Griffin v. Domas.

corn husking; but the weight of the first is somewhat weakened by the fact his own statement places him in the improbable position of hiring three men to labor for him until after husking, when for several months of the time he did not have work enough to employ the time of one hired man; and the weight of the second witness is impaired by the character of and the circumstances surrounding his testimony. It appears from the record that appellee does not either thoroughly understand or well and fluently speak the English language, and before his examination as a witness was concluded it became necessary to employ the service of an interpreter. Upon a consideration of the evidence as a whole, the jury may reasonably have concluded there was an honest misunderstanding between the parties and that their minds never met upon an agreed time for the continuance of the work, and have found the issue for appellee upon that ground.

It is urged by appellant that if the special contract insisted upon by him is excluded, then there can be no recovery for the services performed, for the reason a recovery can only be had in such case upon a *quantum meruit* for the value of the services, and that no evidence was introduced to show what the work of appellee was reasonably worth. It is plain that if the jury found there was no misunderstanding between the parties, and that the transaction was as stated by appellee, then the contract was at will for no stipulated length of time but at a stipulated price per month, and that this stipulated price would govern in the assessment of damages. If in consequence of an honest misunderstanding the minds of the parties did not meet in respect to the matter of time of service, and yet did meet in respect to the matter of the compensation to be given, it would seem this latter fact and the price agreed upon by the parties themselves should be considered in the assessment.

In Pfund v. Zimmerman, 29 Ill. 269, it was held that where a specific sum was agreed upon as a rate of compensation for services, no term of service being fixed by the contract, a recovery may be had at the rate agreed upon for the services rendered.

In the case at bar, we think the reasonable value of the services of appellee is sufficiently shown by the admission of appellant that he paid his other hands $25 a month; that he could not get suitable men for his work for less than that; and that appellee was a good hand to work. The court in its instructions gave appellant the benefit, if any, of the difference between the reasonable value of the work and the contract price therefor by telling the jury that if they believed appellant in good faith thought the agreement was for work till after corn husking then appellee could only recover what the work was reasonably worth, not exceeding the contract price.

The claim of damages for three and a half days absence of appellee, when he went to Peru, we are of opinion, is not established. The jury have found that no fixed term of service was agreed upon; and if such was the case he might lawfully quit work at any time.

He afterward returned and went to work again; no wages were paid or claimed for the days he did not labor; some little time was lost in planting the corn, but appellant did not prove or offer to prove there was any ultimate loss in that.

Objections are made to numerous rulings of the court with reference to the admissibility of testimony. The matter of the manner of conducting the examination of witnesses must be left to a considerable degree to the sound discretion of the trial court.

A few of the questions asked appellee were to some extent leading and suggestive, and were probably allowed by the court in consequence of the limited knowledge the witness had of the language in which he was testifying. The opinions of Burlingame, Hitchcock, Hurst and others upon the hypothetical case stated in the question asked, were properly excluded from the jury.

The matter involved was a question of fact for the jury, and not a proper subject for the opinions of experts. We think appellant should have been allowed to answer a number of the questions asked him by his counsel, and to which objections were sustained by the court; however, no injury was done; most of the matters called for by these questions were

C. & N. W. Ry. Co. v. Hart.

fully covered by statements made by appellant on his direct and cross-examinations, and the others were rendered immaterial and of no importance by the finding of the jury upon the principal issue in the case.

The jury was fully and fairly instructed with reference to the law of the case. The rulings of the court upon the instructions were, with a single exception, substantially correct. The second instruction of the series given at the instance of appellee should have been refused. It told the jury that if appellant paid appellee from time to time such amounts to apply on his wages, as he requested or demanded, then they were at liberty to take such facts into consideration, together with all the other testimony in the case, in determining whether it was agreed and understood between the parties that appellee was to receive his wages monthly.

This instruction is open to criticism in that it called special attention to a single fact or circumstance in proof that was not of a decisive character, and thereby gave it undue importance.

At the same time, a sound rule of the law is involved in the instruction, and serves as its basis; where, as in this case, the terms of the contract are in doubt, it is proper to look in its interpretation at the conduct of the parties with reference thereto, and the manner in which they have treated the contract. Upon consideration of the whole matter, we are unable to say the giving of this instruction affords of itself sufficient ground for reversing the judgment.

The judgment is therefore affirmed.

*Affirmed.*