**D. D. Davis, Appellee, v. Harry M. Englestein et al., Appellants.**

**Gen. No. 35,230.**

58

Opinion filed October 19, 1931.

SAMUELS, LAWTON & WITTELLE, for appellants; SAMUEL T. LAWTON, of counsel.

NEWBY, McDONALD & BURDITT, for appellee; CHARLES A. McDONALD and GEO. M. BURDITT, of counsel.

MR. PRESIDING JUSTICE O'CONNOR delivered the opinion of the court.

July 25, 1929, plaintiff brought an action of assumpsit against the defendants to recover $3,621.25, $64.10 of which was claimed to be due for services performed and the balance for damages claimed to have been sustained by plaintiff by reason of a breach of his contract of employment, he having been wrongfully discharged by defendants. The defendants admitted that they owed plaintiff $64.10 for services performed by him but denied that they were guilty of any breach of contract and that they wrongfully discharged plaintiff. There was a jury trial and a verdict and judgment for plaintiff for the amount of his claim, and the defendants appeal.

The record discloses that defendants were engaged in a number of business enterprises in Chicago and on February 29, 1928, they orally employed plaintiff at a salary of $5,000 per year; that plaintiff began his duties on that day and continued until the 13th of June, 1929, when he was discharged.

Plaintiff's position is that his employment was for a year at a salary of $5,000; that at the end of the year and nothing having been said, and having continued in his employment, he was under the law, employed for another year at the same salary; that on June 13, he was discharged without cause and therefore. he was damaged to the extent of the salary he would have received had he not been wrongfully discharged, since he was unable to find any other employment during the remainder of the year.

Defendants' position is that the employment was not for a year but at will at an annual salary of $5,000; that at the time of the hiring it was orally agreed that plaintiff would be employed at an annual salary of $5,000 and that plaintiff could begin his work and continue for two or three months to see whether the work

was satisfactory to both parties. Defendants take the further position that they discharged plaintiff for good cause—that he had been annoying the girls employed by the defendants and for this reason he was discharged. Plaintiff denied that he had annoyed the girl employees and further testified that the defendant who discharged him stated that he did so to cut down expenses.

Defendants contend that the verdict of the jury, to the effect that the hiring of plaintiff was for a year and that he was wrongfully discharged, is against the manifest weight of the evidence and they go further and say that there is no evidence of a hiring for a year. We think neither of these contentions can be sustained. The evidence shows that the parties had been negotiating for about three weeks before plaintiff was employed. Plaintiff testified that when asked by one of the defendants what salary he expected, he replied $6,500 but that on account of the unusual opportunities the position seemed to offer, he would be willing to start at $6,000. He further testified, "He asked me if that was my lowest figure. I told him it was and that he could rest assured I would not come along at the end of the year and try to hold him up for a large increase; that I had never found it necessary to ask for a salary advance, always feeling that my work would speak for itself"; that at a later conversation between the parties the question of salary was again brought up when one of the defendants stated they could not afford to offer more than $5,000 a year and that thereupon he agreed to accept that salary and defendants then asked for his references and that after the references were looked into by the defendants, plaintiff was employed. During his employment he was paid weekly at the rate of $5,000 per year.

One of the defendants testified and denied that plaintiff had said anything about not asking for an increase

at the end of a year; that plaintiff did not ask for a salary of $6,000 a year but wanted $5,500 per year; that nothing was said as to the term except that they would try out the employment for two or three months and see how it worked.

Whether the hiring of a person is for a specific or for an indefinite period has been the subject of much consideration and diversity of opinion by the courts, some holding that the duration of a contract of hiring which fixes the compensation at a certain amount per day, week, month or year but which fixes no specific term, is a hiring at will, while other courts reach the opposite conclusion. See note, *Warden v. Hinds,* 25 L. R. A. (N. S.) 529. Obviously no set form of words or course of conduct is required to make the employment at will or for a specific period of time but each case must be determined on its own facts. All of the attendant conditions surrounding the agreement, as well as the terms of the contract itself, when the contract is not clear, the course of dealing and other acts, must be taken into consideration in determining the question whether the employment is at will or for a definite term. *Maynard v. Royal Worcester Corset Co.,* 200 Mass. 1. In that case the court, after recognizing the diversity of opinion in the courts of different jurisdictions, said (p. 5): "Without reviewing the cases or analyzing the principles to determine which is the sounder view, it is enough to say that the use of the sum of money equivalent to a year's pay, in describing the amount which the plaintiff was to receive, was proper for consideration in connection with other incidents. The length of the term of service reasonably inferable as the understanding of the parties, from their words, course of dealing and other acts, was a fact to be determined upon all the evidence." So, in the instant case, the testimony of the plaintiff and one of the defendants as to the terms

of the oral contract of hiring, as well as the conduct of the parties and other acts, were proper for the consideration by the jury in determining whether the hiring was for a specific or for an indefinite period of time. We hold that the question was one of fact for the jury and not a question of law to be determined by the court because we are of the opinion that all reasonable minds would not reach the conclusion that the period of hiring was definite or indefinite. The jury were specifically instructed that before they could find for the plaintiff they must find, from a preponderance of the evidence, that plaintiff was employed for a definite period of one year at a fixed salary of $5,000. This instruction is conceded by the defendants to be correct. And the jury by their verdict having found for the plaintiff, we are unable to say that the finding is against the manifest weight of the evidence.

The defendants further contend that even if plaintiff was employed for the period of a year, he was rightfully discharged because of his conduct towards the women employed by the defendants. Five of the girls employed by the defendants testified that, covering a period of a few weeks after plaintiff began his employment until the day he was discharged, he annoyed them with undue familiarities, and that defendants were informed of his conduct. Each of the girls went into considerable detail on this question. Plaintiff denied the accusations *in toto*. What view the jury took on this question, we are unable to determine, because it might be that although they believed the testimony of the five girls, yet they might also have been of the opinion that the discharge was not for the reason stated by the defendants but because the defendants wished to cut down expenses as testified to by the plaintiff. The testimony of plaintiff in this respect, was denied by one of the defendants and others, so that the question as to the reason for plaintiff's discharge

was for the jury. And upon a careful consideration of all of the evidence in the record, we are clearly of the opinion that we would not be warranted in disturbing the verdict of the jury on this question.

The defendants further contend that the court erred in submitting but one form of verdict to the jury. The form of the verdict given to the jury at the conclusion of the case was: "We, the jury, find the issues for the plaintiff and assess the plaintiff's damages at the sum of . . . Dollars and . . . Cents." And it is contended, as we understand the argument, that a form of verdict should have been given for the jury to return in case they found the issues for the defendants. It was admitted in the pleadings and on the trial, that in any view of the case, the defendants owed plaintiff $64.10 for services he had performed prior to his discharge, so that in no event could a verdict have been returned except one in which the jury fixed the amount plaintiff was entitled to recover, viz., $64.10, or this sum plus the damages plaintiff sustained in case he had been employed for a year and was wrongfully discharged. In support of their contention, the defendants argue that the court instructed the jury that in case they found for the plaintiff, he would be entitled to damages "in the amount of the difference, if any, between the sum he was entitled to under his contract for the year, and such sums as he was paid by the defendants, less such sum or sums as he earned or might have earned by the exercise of reasonable diligence at the same or similar employment during the balance of the year." And it is argued that by the form of verdict submitted to the jury, there was no way they could return a verdict for defendants and that the rule of damages laid down in the instructions told the jury in effect that the plaintiff was entitled to recover $64.10, plus the damages as mentioned in the instruction quoted, in case

they found plaintiff was hired for a year and dismissed without cause. We think the jury were not at all misled by the form of the verdict submitted to them. At the close of the instructions, there was a colloquy between the court and counsel as to whether there should be one or two forms of verdict submitted but it was not suggested that any form should be submitted whereby the jury should find the issues for the defendants. Defendants' counsel specifically stated that defendants admitted an indebtedness of $64.10 and suggested that the court submit a verdict in the following words: "We find the issues for the plaintiff and assess the damages at $64.10." We think the question was simple and easily understandable by the jury who are presumed to have the qualifications specified by statute. They knew that the defendants were admitting an indebtedness of $64.10 in any event and they further knew by the instructions of the court, that this would be the amount of their verdict unless the jury believed from a preponderance of the evidence plaintiff was hired originally for one year and was wrongfully discharged.

The judgment of the superior court of Cook county is affirmed.

*Judgment affirmed.*

McSurely and Matchett, JJ., concur.