Peter B. Atwood, Plaintiff-Appellee, v. Curtiss Candy Company, a corporation, Defendant-Appellant.

Gen. No. 47,592.

First District, First Division.

September 14, 1959.

Released for publication October 19, 1959.

369

Sidley, Austin, Burgess & Smith, of Chicago (Kenneth F. Burgess and James E. S. Baker, of counsel) for defendant-appellant.

Eugene T. Devitt, of Chicago, for plaintiff-appellee.

PRESIDING JUSTICE DEMPSEY delivered the opinion of the court.

The plaintiff sued to recover compensation for his services as attorney and assistant secretary of the defendant. He alleged that a contract, which was to run to the end of 1956, was breached when his services were terminated in September of that year. The case was tried without a jury and judgment was entered in his favor for $7,400, the amount for which he sued.

Peter B. Atwood was a member of a law firm which represented the defendant for many years. In 1937 he and his senior partner were named assistant secretaries of the corporation. Their services as lawyers were paid principally by salary and partly by a retainer to their law firm. From time to time other associates of the firm were also placed on the defendant's payroll. Atwood was last elected assistant secretary in 1955, "to serve until the next annual meeting of the Board of Directors. . . ." The next annual meeting was in August, 1956. Election of officers was deferred until September 5, 1956, at which time, by unanimous action, the board of directors dispensed

with the services of the law firm and terminated Atwood's employment as assistant secretary.

The fundamental issue before us is whether the plaintiff's employment was for yearly periods or was terminable at will. There is no dispute about his recompense being for legal services only. In the absence of an agreement to the contrary, the relationship of attorney and client is terminable at will. Conlan v. Sullivan, 280 Ill. App. 332. The plaintiff concedes this, but he argues that his employment was for a fixed period.

The claim is chiefly founded upon an interchange of letters which followed a 1950 meeting between Atwood and Irwin N. Walker, the senior partner, and Otto Schnering, the president of the corporation, and some of its other officers. The plaintiff testified: ". . . the terms of our compensation were orally agreed upon with Otto Schnering at the meeting of February, 1950, and then were agreed on an annual basis at that meeting. . . ." Schnering died in 1952 and there was no testimony of what was said at the meeting.

The two letters were attached to the statement of claim. The first letter was from Walker to Schnering. The pertinent portions of his letter are:

"In line with our understanding, the $20,000.00 additional yearly amount is to be distributed as indicated below. . . . The $20,000.00 to be received annually and to be added to the payroll accounts is to be distributed as follows:

"Peter B. Atwood                 $7,000.00

"........................................

"The amounts of each individual, with the former amount and the added amount, will be as follows:

371

|  | Present | Total |
|---|---|---|
| "... | ... | ... |
| "Peter B. Atwood | | |
| "52 weeks at $322.00 | $456.61 | $23,744.00 |
| "......................................." | | |

Subsequently Atwood's compensation was increased to $25,792 a year, and he was paid $496 each week.

Schnering's lengthy reply was delivered by messenger. It related some of the history of the association between the law firm and his company, mentioned certain things which were disturbing him and straining their association, made suggestions to the lawyers for remedying these and expressed the hope that the relationship, which had existed for 28 years, would be improved so that it would be harmonious, satisfactory and permanent. From among his many observations the following are significant to the present issue:

"Your letter of February 27th was not in any way contrary to the thoughts that we discussed at our meeting on Friday and then later Saturday morning;

. . . .

"The other details of your letter of February 27th are as agreed upon at our meeting.

"There is one point I made, and stated repeatedly, and that is that I would not make this as a contractual arrangement or a fixed agreement for any period of time, but it would be up to Walker, Atwood, Zukowski and McFarland and their staff to render satisfactory service, so that not only would their services be continued, but that the Curtiss Candy Company would in no way want to change their legal counsellors. . . ."

Walker's letter set forth the amount to be received annually by the plaintiff, and Schnering's letter confirmed this. The plaintiff contends that, unless the

terms of employment specify that it is for a definite period, a hiring for an annual salary creates a contract for an annual period and, since no date of termination was specified in his agreement, his employment did not come to an end until December 31, 1956.

■ Although there is some authority supporting his contention, the law in Illinois, as expressed in a great number of cases, is to the contrary. The Illinois rule is stated in White v. American Elec. Fusion Corp. (1946), 328 Ill. App. 128.

"In many states, courts have ruled that specification in the contract of an annual salary creates an inference of annual employment (100 A.L.R. 728), but in this state the rule has long been established that a hiring at a monthly or annual salary, if no period of duration is specified in the contract, is presumed to be at will and either party may terminate the hiring at his pleasure without liability. (Pfund v. Zimmerman, 29 Ill. 269; Orr v. Ward, 73 Ill. 318; Davis v. Fidelity Fire Ins. Co., 208 Ill. 375; Chadwick v. Morris & Co., 170 Ill. App. 569; Odell v. Chicago Great Western R. Co., 212 Ill. App. 616; Fuchs v. Weibert, 233 Ill. App. 536."

■■ These decisions concerned agreements which were silent as to the duration of the employment. The contract between Atwood and the defendant was not of that nature. Schnering's letter, while approving the yearly rate of compensation, definitely said that it was not to be for any certain term: "There is one point I made, and stated repeatedly, and that is that I would not make this as a contractual arrangement or a fixed agreement for any period of time. . . ." This is a clear and precise expression of intent; it is not contradicted by other parts of the letter. Where the intention of the parties can be ascertained from their written agreement it is unnecessary to consider extraneous circumstances. Although the relationship between Atwood and the Curtiss Candy Company con-

tinued for several years after 1950 this did not change the legal relationship between the parties. The conditions of employment affirmatively show that no fixed period of time was intended and, therefore, the contract could be ended, without liability, at the will of either party.

Neither under the law of our state as declared in White v. American Elec. Fusion Corp. (supra) and the cases cited therein, nor under the terms of the contract as recited in the letters exchanged between the principals, can the plaintiff recover from the defendant beyond the date of his discharge. The judgment of the Municipal Court is reversed.

Judgment reversed.

McCORMICK and SCHWARTZ, JJ., concur.