M. KENNETH MANN, Plaintiff-Appellant, *v.* BEN TIRE DISTRIBUTORS, LTD., Defendant-Appellee.

Fourth District    No. 16194

Opinion filed October 23, 1980.—Rehearing denied November 18, 1980.

Harlan Heller, of Harlan Heller, Ltd., of Mattoon, for appellant.

Ralph D. Glenn and James R. Covington, III, both of Glenn & Logue, of Mattoon, for appellee.

Mr. JUSTICE WEBBER delivered the opinion of the court:

This appeal lies from a suit for breach of an employment contract being tried to a jury in the circuit court of Coles County. At the conclusion of the plaintiff's evidence, the trial court directed a verdict for the defendant. Plaintiff appeals, and we affirm.

The evidence disclosed that plaintiff had been continuously employed by defendant as a sales manager from August 1967, until his termination in March 1975. While not all the documents are in the record, those which are indicate that each year the parties executed an employment agreement. These tend to be informal, but each of them sets up a definite term, generally of one calendar year, and the bulk of the writing is concerned with plaintiff's salary and bonus arrangements. There was evidence that these documents were not always executed prior to the beginning of a new calendar year and at least once, for the year 1974, the document was not executed until April of that year.

On December 1, 1974, a new general manager for defendant was appointed and on December 11, 1974, he presented to plaintiff the document which is at the root of this litigation. It was in the form of an in-house memorandum from the general manager to plaintiff and commenced, "This letter is to set forth the details of salary and bonus arrangement for you for the period 1-1-75 through 12-31-75." Then followed a detailed statement of such salary and bonus. The concluding paragraph read, "In 1975 the emphasis must be placed very heavily on an increase in units and dollars of profit. Our overall unit budget objective is an increase of 8% over 1974. This new approach for 1975 has been directly reflected in the computation of your 1975 compensation program."

Plaintiff indicated to the general manager his dissatisfaction and suggested changes in the document on several occasions from December 13 to December 29, 1974. On December 30, 1974, the general manager wrote back to plaintiff and indicated that he had reviewed plaintiff's suggested changes and did not agree with them. The concluding paragraph of that letter reads:

> "Ken, there are job salary limitations on all jobs based on productivity, total sales, profits, etc. At this time, with the sales we had in 1974 and with our projections for 1975, your compensation plan is in my opinion fair and equitable. I will be glad to review your total compensation program at the end of 1975, for 1976; but this year's program is now firm."

Plaintiff received this letter sometime during the first week of January 1975, and then indicated that he was willing to continue to work. For the months of January, February and March 1975, he was compensated in accordance with the schedule contained in the December 11, 1974, memorandum.

On March 28, 1975, plaintiff was terminated and the parties adjusted their accounts at that time. Plaintiff received his salary for the last two weeks of March, two weeks' vacation pay, one week severance pay and the balance of his 1974 bonus. He refunded to defendant amounts advanced on his 1975 bonus, and also certain sums owed to defendant for materials used in furtherance of his duties as sales manager.

Other evidence was concerned with plaintiff's employment since his termination with defendant, business conditions of defendant during pertinent times and methods of calculating bonus. Defendant introduced plaintiff's prior employment and salary arrangement documents.

After argument for directed verdict, the trial court held as a matter of law that the document dated December 11, 1974, was an employment agreement terminable at will and directed a verdict in favor of defendant.

Plaintiff on appeal makes a dual claim: first, that the document of December 11, 1974, is an employment contract for one year on its face; alternatively, that if not plain on its face, the document can be so construed with the aid of extrinsic evidence.

■■ The rule of long standing in Illinois is that a hiring at a monthly, or even an annual salary, if no period of duration be specified, is at will. (*Atwood v. Curtiss Candy Co.* (1959), 22 Ill. App. 2d 369, 161 N.E.2d 355.) Nowhere in any of the documents in the record, especially in the one of December 11, 1974, and in the general manager's reply to plaintiff's suggestions, is there any indication of the duration of the arrangement or of any other terms and conditions of employment. Nothing is stated, nor debated, except salary and bonus arrangements. When no duration is stated, either party may terminate at will. *Palmateer v. International Harvester Co.* (1980), 85 Ill. App. 3d 50, 406 N.E.2d 595.

In construing the documents plaintiff makes two arguments, neither of which we find persuasive. He first maintains that since the bonus was to be calculated on an annual basis, the contract must be for one year. In our view, the date is specified only to determine on a rational basis whether any bonus at all is due. The bonus was to be calculated on two bases, gross profit increase and attainment of unit objective over a base of 65,000 units. Neither of these could be ascertained on a period of time less than one year. A time span for financial reckoning is not to be equated with duration of employment, although it may be fractionalized in determining any *pro rata* portion of bonus which might become due for the period of actual employment.

Plaintiff also argues that the general manager's promise of an annual review indicates that the contract was for a year. In this connection plaintiff relies on *Grauer v. Valve & Primer Corp.* (1977), 47 Ill. App. 3d 152, 361 N.E.2d 863. However, the record in *Grauer* revealed that the defendant had guaranteed the plaintiff a minimum of $22,500. This, taken with the statement of annual review, convinced the court of a year's contract. No such language of guaranty is present in the instant case. The promise of annual review is only one element to be considered in reviewing the entire transaction.

Plaintiff's alternate argument that the contract may be construed with the aid of extrinsic evidence militates against his position in our view. The evidence discloses a fundamental change in approach in December of 1974. A new general manager had just been employed by the defendant. The document prepared by him and handed to plaintiff had a conspicuous omission, namely, duration of arrangement, which had been present in all prior arrangements. Such a significant alteration apparently escaped plaintiff's notice, since his replies were concerned only with dollars, not with duration.

■■ In our opinion, whether the document is examined within its own four corners or with the aid of surrounding circumstances, only one conclusion can be reached: it was an employment arrangement terminable at will by either party.

■■ As indicated above, plaintiff may have had a potential claim for a *pro rata* bonus, calculated from the beginning of the year to the date of termination. However, the record does not sustain any such claim with accuracy. Plaintiff's *ad damnum*, never amended, asks for $9,900 which figure is substantially less than his salary alone, without any bonus, would have been for the remainder of the year. Additionally, at the time of settlement plaintiff refunded to defendant advancements on his bonus to the date of termination. By way of interrogatories plaintiff asked defendant for financial information in an apparent attempt to calculate the *pro rata* share of bonus. The answers were inadequate but plaintiff did not pursue the matter, nor did he present any evidence in his case in chief as to what any such share might be. Under the circumstances we hold that plaintiff has waived any claim to the bonus.

The trial court was correct in directing a verdict for the defendant and its action in so doing is affirmed.

Affirmed.

MILLS, P. J., concurs.

Mr. JUSTICE GREEN, dissenting:

I dissent.

The undisputed evidence here was that prior to January 1, 1975, plaintiff had been employed by defendant pursuant to term contracts of employment. The latest introduced into evidence had been for one year. These contracts had provided for duration of employment and salary and bonus arrangement, and some contracts had defined plaintiff's duties and provided for certain insurance benefits for plaintiff. On December 11, 1974, Mr. Yaple, a new manager for defendant, presented plaintiff with a memorandum purporting to be a "salary and bonus arrangement" for the calendar year 1975. After Mr. Yaple's refusal to modify the proposed terms, plaintiff continued with his duties and in early January 1975, told Mr. Yaple that he was "ready to go to work—to continue to work for the balance of the year." Defendant accepted plaintiff's services for awhile thereafter. I consider the contract by which plaintiff worked to have been formed not merely by the document of December 11, 1974, but also by the enumerated surrounding circumstances.

I recognize the reluctance of Illinois courts of review to permit an employment contract to be found to imply that it is for a term rather than at will. However, in *Atwood v. Curtiss Candy Co.* (1959), 22 Ill. App. 2d 369, 161 N.E.2d 355, cited by the majority, the correspondence which formed the employment contract in issue there stated specifically that the employment would not be for any particular period of time. I agree that under the case law of this State, an employment contract is at the will of the parties unless there is an agreement as to a certain term and that the existence in the contract to measure the compensation by a particular unit of time or at a certain rate during a particular period of time is insufficient, of itself, to make the contract one for a term rather than at will. (*Davis v. Fidelity Fire Insurance Co.* (1904), 208 Ill. 375, 70 N.E. 359; *Orr v. Ward* (1874), 73 Ill. 318; *Pfund v. Zimmerman* (1862), 29 Ill. 269; *Long v. Arthur Rubloff & Co.* (1975), 27 Ill. App. 3d 1013, 327 N.E.2d 346.) But, in *Davis v. Englestein* (1931), 263 Ill. App. 57, the court held that the period upon which the employee's compensation was to be based was of significance in determining whether the contract was for that term or at will. There, the contract in issue arose from conversations, the content of which was in dispute.

In *Grauer v. Valve & Primer Corp.* (1977), 47 Ill. App. 3d 152, 154, 361 N.E.2d 863, 865, an employment contract was formed by correspondence between the parties which did not expressly set forth a term of its duration. The appellate court affirmed a circuit court determination that the documents created a contract for one year by inference. The original letter from the employer offered the employee a commission of

.75% on sales of the firm with a "draw" of $1600 per month. After the employee rejected the offer the employer sent another letter stating that the employee would be guaranteed $22,500 for the year and stated that the employer would "review it annually." The employee then accepted the proposal. The appellate court held the inferences from the subsequent letter in regard to the guarantee and the annual review to require a determination that the contract was for a one-year term.

In *Chambers v. John T. Shayne & Co.* (1961), 32 Ill. App. 2d 16, 176 N.E.2d 645, the existence in an oral employment contract for the employee to be paid an annual bonus based upon sales was held to have probative value in determining whether the contract was for a yearly term or was at will.

Here, neither the memorandum of December 11, 1974, nor the conversations of the parties indicated that plaintiff had any guarantee similar to that in *Grauer*, but the defendant did agree to an annual review of the salary and bonus arrangement. As in *Chambers* there was a provision for an annual bonus based upon sales. Furthermore, here, in the conversation by which the contract was formed, plaintiff stated that he was ready to "continue to work for the balance of the year," and defendant's manager accepted him as an employee after that statement. In *Grauer*, the original memorandum from the employer to the employee described itself as being a "Salary Contract for 1973." (47 Ill. App. 3d 152, 154, 361 N.E.2d 863, 865.) Here, the original document was stated to be a "salary and bonus arrangement" for the 1975 calendar year. The *Grauer* court did not refer to this aspect but, at least here, the designation on the document would indicate that it was not intended to cover all of the terms of the employment relationship involved.

Even without considering the prior dealings of the parties, the foregoing aspects of the original memorandum accompanied by the manner in which the contract was formed strongly indicate ambiguity at least as to whether the contract was for a term. This ambiguity as to term makes permissible a consideration of the surrounding circumstances. (*Martindell v. Lake Shore National Bank* (1958), 15 Ill. 2d 272, 154 N.E.2d 683.) When the foregoing factors are combined with the extrinsic circumstances that the parties had previously contracted for term employment, more recently on a yearly basis, I can only conclude that they intended to continue this relationship for another year and did not intend to cover, by the December 11, 1974, memorandum, those aspects of the employment that would not change. For instance, I conclude that the arrangements in regard to insurance were intended to remain the same. The fact that defendant had a new manager and that a less comprehensive and formal memorandum than that of the past was used does not indicate a desire for change in the relationship.

Although the precedent of prior decisions makes the issue complicated, I conclude that the granting of the directed verdict was error. I would reverse.