**Michael J. CORRIGAN, Plaintiff,**

v.

**CACTUS INTERNATIONAL TRADING CO., an Arizona corporation, Defendant.**

No. 91 C 2766.

United States District Court, N.D. Illinois, E.D.

Aug. 26, 1991.

Michael L. Shevick, Chicago, Ill., for plaintiff.

Paul Miltonberger, Malk, Harris & Miller, Chicago, Ill., Charles L. Fine, Janice H. Moore, O'Connor, Cavanagh, Anderson, Westover, Killingsworth & Beshears, P.A., Phoenix, Ariz., for defendant.

## ORDER

BUA, District Judge.

Plaintiff Michael J. Corrigan brings this breach-of-contract action against his former employer, defendant Cactus International Trading Co. ("Cactus"). Pursuant to Fed.R.Civ.P. 12(b)(6), Cactus has moved to dismiss this case for failure to state a claim upon which relief may be granted. Cactus also seeks Rule 11 sanctions, claiming that the lawsuit is frivolous. For the reasons stated herein, Cactus' motion to dismiss is granted in part and denied in part. Cactus' request for sanctions is denied.

## FACTS

When ruling on a motion to dismiss, the court must accept as true all well-pleaded allegations in the plaintiff's complaint. *Perkins v. Silverstein*, 939 F.2d 463, 466 (7th Cir.1991). Thus, the following facts represent Corrigan's depiction of the course of events giving rise to his cause of action.

Cactus is an Arizona corporation that sells ceramic tile throughout the United States. On August 21, 1990, the president of Cactus, Kirk Butler, contacted Corrigan with an offer of employment. Butler offered Corrigan the position of regional manager for the central United States region. Approximately two weeks later, Corrigan met with Butler at Cactus' headquarters in Phoenix, Arizona. At this meeting, Butler outlined Corrigan's job responsibilities and other terms of employment.

On September 7, 1990, Corrigan received a written offer of employment detailing the compensation package. The letter provided that Corrigan would be employed at a salary of $600 per week for the first three months, $700 per week for the next five months, and $800 per week thereafter. In addition, the letter provided details concerning commissions, profit sharing, insurance benefits, and leave time. These additional benefits were essentially tied to Corrigan's length of service with Cactus. For example, Cactus provided a graduated vacation schedule based on the number of years of employment with the company.

Corrigan accepted the job offer and, on September 14, 1990, he resigned from his previous employment. Corrigan then attended Cactus' training program in Phoenix. From September 19–20, Cactus trained Corrigan. Cactus also promised to provide Corrigan with tile samples and other materials necessary to carry out his responsibilities as regional manager.

After Corrigan completed the training, he assumed his new managerial position.

Cactus, however, failed to supply him with tile samples and other materials, despite its promise to do so. On October 9, 1990, less than one month after Corrigan began working for Cactus, he was terminated. (Neither party has provided any explanation for Corrigan's termination.)

Challenging the decision to terminate him, Corrigan filed a contract action against Cactus in the Circuit Court of Cook County. Cactus subsequently removed the case to federal court. Cactus now urges this court to dismiss Corrigan's complaint with sanctions.

## ANALYSIS

### I. Failure to State a Claim

In moving to dismiss Corrigan's complaint, Cactus does not challenge the existence of an employment contract. Rather, it takes the position that no breach occurred.

Corrigan alleges that Cactus breached the contract in three respects: 1) by summarily terminating him; 2) by failing to provide the necessary tile samples and other materials; and 3) by failing to "deal fairly and in good faith." *Complaint,* ¶¶ 11–12. The court will address each alleged breach separately.

### A. Termination of Employment

■ Cactus' first argument in support of its motion to dismiss is that the employment contract is terminable at will, meaning that Corrigan could be terminated at any time, for any reason or no reason at all. *See Barr v. Kelso–Burnett Co.,* 106 Ill.2d 520, 525, 88 Ill.Dec. 628, 630, 478 N.E.2d 1354, 1356 (1985). Cactus argues that Corrigan is an employee-at-will because the employment contract does not specify a term of duration. Absent a term of duration, an employment contract is presumed to be at will and "either party may terminate the [employment relationship] at his pleasure without liability." *Atwood v. Curtiss Candy Co.,* 22 Ill.App.2d 369, 373, 161 N.E.2d 355, 357 (1959) (quoting *White v. American Elec. Fusion Corp.,* 328 Ill. App. 128, 65 N.E.2d 234 (1946) ).

■ Although the contract at issue does not specify a term of duration, Corrigan points out that it does provide for a weekly salary with monthly increments for the first eight months. Corrigan also attributes significance to the fact that his benefits are based on length of service with Cactus. In Corrigan's view, the compensation package quoted in the written offer can be interpreted as "a guarantee that [Corrigan] will be employed by [Cactus] either permanently or for a period of at least eight months." *Response to Motion to Dismiss,* at 4.

■ Contrary to Corrigan's position, the payment of salary on an annual, monthly, or weekly basis does not, in and of itself, create an employment contract for a specific duration. *Mann v. Ben Tire Distribs., Ltd.,* 89 Ill.App.3d 695, 697, 44 Ill. Dec. 869, 870, 411 N.E.2d 1235, 1236 (1980); *Atwood,* 22 Ill.App.2d at 373, 161 N.E.2d at 357. Likewise, benefits such as vacation time, medical insurance, and profit sharing cannot be construed as promises of employment for a particular duration—even if such benefits are based on length of service. "A time span for financial reckoning is not to be equated with duration of employment." *Mann,* 89 Ill.App.3d at 697, 44 Ill.Dec. at 871, 411 N.E.2d at 1237.

Corrigan contends that the employment contract must be construed in light of the discussions between the parties and that any terms discussed must become part of the offer of employment. "Under certain circumstances a clear and definite oral agreement for permanent employment based on sufficient consideration may be enforced." *Titchener v. Avery Coonley School,* 39 Ill.App.3d 871, 875, 350 N.E.2d 502, 507 (1976). In this case, however, there are no allegations that the parties contemplated a specific employment term, permanent or otherwise. Corrigan urges the court to assume that "job security was one of the issues discussed" by the parties. *Response to Motion to Dismiss,* at 4. While this court must assume that Corrigan's factual allegations are true, Corrigan gains nothing by alleging that the parties may have discussed job security. He can

recover on his contract claim only if he demonstrates that the parties actually agreed to a definite term of duration. But Cactus never guaranteed Corrigan, either orally or in writing, that he would remain employed for any specific length of time.

Since Corrigan has not identified a clear and definite term of duration, the employment contract is terminable at will. *See Simmons v. John F. Kennedy Medical Center,* 727 F.Supp. 440, 443 (N.D.Ill.1989). As an at-will employee, Corrigan cannot maintain a breach-of-contract claim based on his termination.[1]

### B. Failure to Supply Materials

■ In paragraph 12 of the complaint, Corrigan alleges that "CACTUS breached its contract with CORRIGAN by failing to supply him with tile samples, support, and other materials required for his duties, and by refusing to allow him the opportunity to perform his job duties as provided for in the parties agreement." Corrigan further alleges that Cactus has not reimbursed him for the reasonable and necessary expenses he incurred in connection with his employment. *Complaint,* ¶ 13. Presumably, these unreimbursed expenses stem from Cactus' failure to provide Corrigan with the "materials required for his duties."

If Corrigan's allegations are true (and for purposes of this motion, they are considered true), then he is entitled to reimbursement from Cactus. Having provided no basis for dismissal, Cactus' motion to dismiss is denied with respect to this claim.

### C. Duty of Good Faith and Fair Dealing

■ Corrigan contends that "CACTUS failed to deal fairly and in good faith, in further breach of its contractual duties." *Complaint,* ¶ 12. As a matter of law, a duty of good faith and fair dealing is implied in every contract. *Hugo v. Tomaszewski,* 155 Ill.App.3d 906, 911, 108 Ill.Dec.

562, 565, 508 N.E.2d 1139, 1142 (1987). In the employment at-will setting, however, no Illinois court has explicitly recognized an independent cause of action for breach of the implied duty of good faith. *See Harrison v. Sears, Roebuck & Co.,* 189 Ill.App.3d 980, 991, 137 Ill.Dec. 494, 501, 546 N.E.2d 248, 255 (1989). The covenant of good faith may be used in this context only as a construction aid for ascertaining the intent of the parties. *Id.* at 993, 137 Ill.Dec. at 502, 546 N.E.2d at 256; *Martin v. Federal Life Ins. Co.,* 109 Ill.App.3d 596, 605, 65 Ill.Dec. 143, 150, 440 N.E.2d 998, 1005 (1982).

Acknowledging that no independent cause of action exists, Corrigan states that he is using the covenant of good faith merely as an aid in construing the contract. In Corrigan's words, "the contract may be construed to require a 'reasonable' duration pursuant to the covenant of good faith and fair dealing which is implied in every contract." *Response to Motion to Dismiss,* at 5. Although Corrigan does not specify what length of time is "reasonable," he does note that it is longer than twenty-one days—the length of time that he was employed by Cactus.

The implied covenant cannot be used to impose a durational requirement, as Corrigan suggests, for this would be inconsistent with the at-will employment relationship. By its very nature, the at-will relationship may be terminated for "a good reason, a bad reason, or no reason at all." *Loucks v. Star City Glass Co.,* 551 F.2d 745, 747 (7th Cir.1977). "[T]he implied duty of good faith is inherently incongruous with an employment contract which gives the employer the right to terminate employment without cause." *Foy v. City of Chicago,* 194 Ill.App.3d 611, 615, 141 Ill.Dec. 317, 320, 551 N.E.2d 310, 313

---

**1.** Corrigan argues that even if the contract itself does not prevent his termination, Cactus should be estopped from terminating him. To invoke promissory estoppel, Corrigan must show that: 1) Cactus made an unambiguous promise to him; 2) that he relied on this promise; 3) that his reliance was expected and foreseeable; and 4) that he was injured as a result of his reliance. *Patkus v. Sangamon–Cass Consortium,* 769 F.2d

1251, 1264 (7th Cir.1985). Corrigan has failed to satisfy at least the first element—namely, that Cactus made an unambiguous promise of employment for a specific duration. As discussed above, Corrigan's complaint is devoid of any such allegations. Corrigan's claim, whether based on the contract or promissory estoppel, does not survive Cactus' motion to dismiss.

(1990). Corrigan's interpretation of the at-will contract places an undue restriction on the employer's right to terminate an at-will employee at any time and for any reason. Regardless of whether it is used as a construction aid or asserted as a separate cause of action, the implied duty of good faith is of no value to Corrigan, an at-will employee.

## II. Sanctions

In connection with its motion to dismiss, Cactus asks the court to impose sanctions against Corrigan for filing a frivolous lawsuit. Indeed, "the most important purpose of Rule 11 sanctions is to deter frivolous litigation and the abusive practices of attorneys." *Fred A. Smith Lumber Co. v. Edidin,* 845 F.2d 750, 752 (7th Cir.1988).

At this stage of the litigation, Corrigan still has a viable cause of action against Cactus. For this reason, the lawsuit is not entirely frivolous. Nonetheless, a district court may "sanction[ ] a party for frivolous conduct, even if some of the party's claims are not frivolous." *Teamsters Local No. 579 v. B & M Transit, Inc.,* 882 F.2d 274, 280–81 (7th Cir.1989).

■ With regard to the portion of the suit that has been dismissed, the court does not believe that sanctions are appropriate. The circumstances of this case do not indicate that Corrigan openly disregarded the law or otherwise asserted his claim in bad faith. While the case law concerning at-will employment is firmly rooted in Illinois, it is highly fact specific, turning on the particular contractual language employed and the circumstances surrounding the execution of the contract. An award of sanctions here would not serve the primary goal of Rule 11: deterring frivolous litigation. It would merely deter creative application of the law to the unique facts of a specific case.

## CONCLUSION

For the foregoing reasons, Cactus' motion to dismiss is granted in part and denied in part: insofar as Corrigan's cause of action is based on Cactus' failure to supply the necessary job-related materials, the mo-

tion is denied; in all other respects, the motion is granted. Furthermore, Cactus' request for sanctions is denied.

IT IS SO ORDERED.