32 F.3d 562
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Thomas E. DAVIS, Plaintiff-Appellant,
v.
STING SECURITY, INCORPORATED; Michael Roberts, Defendants-Appellees,
Ronald FISHER, Appellee.
C. Victor MBAKPUO, Appellant,
and Thomas E. DAVIS, Plaintiff,
v.
STING SECURITY, INCORPORATED; Michael Roberts, Defendants-Appellees,
Ronald FISHER, Appellee.
 Nos. 93-1542, 93-1673.
 United States Court of Appeals, Fourth Circuit.
 Argued May 12, 1994
Decided Aug. 9, 1994.
 
 Appeals from the United States District Court for the District of Maryland, at Baltimore. Edward S. Northrop, Senior District Judge. (CA-92-26-N) Argued: May 12, 1994.
 Chukwujindu Victor Mbakpuo, Washington, DC, for appellants.
 Kenneth Robert West, Abrams, West & Storm, Bethesda, MD, for appellees.
 Eric J. Posner, Abrams, West & Storm, Bethesda, MD, for appellees.
 D.Md.
 AFFIRMED.
 Before MURNAGHAN and NIEMEYER, Circuit Judges, and ERWIN, Senior United States District Judge for the Middle District of North Carolina, sitting by designation.
 OPINION
 PER CURIAM:
 
 
 1
 Sting Security, Inc. is a private security company which provides security guards for property owners in the Washington, D.C. area. On August 13, 1987, Sting hired Thomas E. Davis as a security officer. On January 4, 1991, Davis' employment was terminated because he tampered with security equipment, falsified information to a superior, and removed a bar code wand from a post.
 
 
 2
 Davis appeals the district court's decision based upon numerous alleged errors. After careful review of the record, we affirm.
 
 
 3
 * Davis alleges that the district court abused its discretion when it denied his Motion to Amend the Complaint a second time in order to add Mr. Ronald Fisher as a defendant. The denial of Davis' motion to amend the Complaint is reviewed under an abuse of discretion standard. Aetna Casualty & Surety Co. v. Abbott, 130 F.2d 40 (4th Cir.1942). The record clearly indicates that the court considered all relevant matters relating to the addition of Fisher before entering its order stating that "[b]ecause Mr. Fisher was acting in the capacity of his employment, his inclusion in this case would not change, nor enhance Plaintiff's cause of action." (J.A. 10 n. 1; see also J.A. 17, 18).
 
 
 4
 The general rule of freely allowing an amendment to a pleading only applies in the absence of undue delay, bad faith, prejudice, futility, or dilatoriness. Ward Electronics Service, Inc. v. First Commercial Bank, 819 F.2d 496 (4th Cir.1987). The trial judge determined that the addition of Fisher would not affect the cause of action. This determination was not an abuse of discretion.
 
 II
 
 5
 The majority of Davis' claims was based upon an alleged contractual relationship with Sting. A directed verdict was entered on these claims because Davis failed to establish the existence of a contract.
 
 
 6
 An employment relationship is at will where there is no binding contract between the employer and employee and the employee is hired for an indefinite period of time. According to Maryland law, an at will employment "can be legally terminated at the pleasure of either party at any time" and for any reason at all. Silkworth v. Ryder Truck Rental, Inc., 70 Md.App. 264, 268, 520 A.2d 1124, 1127 (1987); Page v. Carolina Coach Co., 667 F.2d 1156 (4th Cir.1982); Adler v. American Standard Corp., 291 Md. 31, 432 A.2d 464 (1981).
 
 
 7
 There is a very limited exception to the above general rule. If the reason for the termination violates a "clear mandate of public policy," then the termination is wrongful. Silkworth, 70 Md.App. at 264, 520 A.2d at 1127. Maryland courts have stressed that this is a very limited exception, and the burden is on the plaintiff to show with specificity the exact public policy that has been violated. Alder, 291 Md. at 31, 432 A.2d at 472.
 
 
 8
 Davis contends that the termination violated public policy because it was racially motivated. This contention is contrary to the evidence which revealed that several African-Americans worked for Sting in supervisory and management positions and that Sting neither possessed nor acted with racial animus.
 
 
 9
 Davis argues that Sting's profit sharing plan converted the employment relationship from at will to one under contract; however, bonus provisions as well as retirement and pension plans do not modify an at will employment to one under contract. Mann v. Ben Tire Distributors, Ltd., 89 Ill.App.3d 695, 411 N.E.2d 1235 (1980). Similarly, Davis contends that he relied on the employee manual and that it created a contract. The manual states: "This manual is intended as a guideline for Security Officers and Supervisors and should not be construed as an offer of employment or as a contract [with] Sting Security, Inc...." (J.A. 85). The law is settled with respect to this type of disclaimer. When a disclaimer is clear and unambiguous and is positioned in the handbook in such a place so that its applicability is unambiguous, then the employee is foreclosed from any justifiable reliance on any provision of the handbook. Haselrig v. Public Storage, Inc., 86 Md.App. 116, 585 A.2d 294 (1991).
 
 III
 
 10
 Davis contends that the district court denied him his right to a jury trial under the Seventh Amendment by granting Sting a directed verdict. In Galloway v. United States, 319 U.S. 372, reh'g denied, 320 U.S. 214 (1943), the Supreme Court made it clear that granting a directed verdict is not violative of the constitutional right to a jury trial.
 
 
 11
 After reviewing Davis' remaining contentions regarding the directed verdict, the denial of a fair and impartial hearing, the award of attorney's fees, and the alleged prejudice of the district court, we find that they are all wholly without merit. The judgment is affirmed.
 
 AFFIRMED