Arthur P. Miller, Plaintiff-Appellee, v. Community Discount Centers, Inc., a Corporation, Defendant-Appellant.

Gen. No. 51,012.

First District, Second Division.

May 9, 1967.

Rehearing denied June 20, 1967.

Shaffer, Seelig, Mandel & Shapiro, of Chicago (Robert S. Atkins, of counsel), for appellant.

Ruttenberg & Ruttenberg, of Chicago (David C. Ruttenberg and Marvin H. Ruttenberg, of counsel), for appellee.

MR. JUSTICE BRYANT delivered the opinion of the court.

This is an appeal from a judgment of the Circuit Court of Cook County which found that the defendant had breached its contract of employment with the plaintiff, Arthur Miller. Plaintiff was awarded a sum of $4,-062.93 in damages. Defendant, Community Discount Centers, Inc. (hereinafter referred to as Community) raises several allegations of error on this appeal, the chief of which is that there was no breach because the contract was a contract at will and terminable at any time.

The plaintiff, Arthur P. Miller, came from Toledo, Ohio, to Chicago, Illinois in response to a classified advertisement in a Toledo newspaper, which had been placed there by the defendant. Miller first came to Chicago for an interview with Community and to fill out an application for employment. A few weeks later, plaintiff was offered a position as a management trainee by Melvin Kent, personnel director for the defendant at a salary of $10,000 per year. Miller received a letter confirming his appointment from Kent. That letter is as follows:

"October 2, 1962

Mr. Arthur P. Miller
2945 East Lincolnshire
Toledo, Ohio

Dear Mr. Miller:

First, let me again extend an official welcome to the Community family; we are certain you have a rewarding and *satisfying career* (emphasis added) ahead of you.

For the record, I should like to confirm the employment arrangements with you.

Your beginning salary will be $10,000.00 per year as a Store Management Trainee. Regarding moving expenses, we will pay one-half now and the balance after one year.

Looking forward to seeing you soon.

> Sincerely yours,
> /s/ Melvin Kent
> Director of Personnel"

MK/af

Plaintiff began work in Chicago on October 15, 1962, leaving his family in Toledo. He worked first as an assistant manager at the Villa Park store of defendant and then was assigned to the defendant's store at Belmont and Clark Streets in Chicago. During the first week in January, 1963, before plaintiff had moved his family to Chicago he was notified by Mr. Kent that his services were no longer required.

After leaving defendant's employ, plaintiff consulted a local employment agency in Chicago and was placed with the Lincoln National Life Insurance Co. as agent and supervisor.

The primary issue on this appeal is whether the letter quoted above constitutes a contract at will or whether it constitutes a contract for a period of one year. The trial court found that the plaintiff was hired for a period of one year and that the breach by the defendant was wrongful.

■■ In interpreting whether a contract of employment is at will or for a definite period, the rule in Illinois is stated in White v. American Elec. Fusion Corp., 328 Ill App 128, 65 NE2d 234, at page 4 of Abstract Opinion,

> "In many states, courts have ruled that specification in the contract of an annual salary creates an inference of annual employment (100 ALR 728), but

in this state the rule has long been established that a hiring at a monthly or annual salary, if no period of duration is specified in the contract, is presumed to be at will and either party may terminate the hiring at his pleasure without liability."

This rule has recently been reiterated in Atwood v. Curtiss Candy Co., 22 Ill App2d 369, 161 NE2d 355; but, in addition thereto, that case held that where intention of parties can be ascertained from the written agreement it is unnecessary to consider extraneous circumstances. Therefore, the mention in the contract prepared by the defendant's lawyers that a "satisfying career ahead of you" is sufficient to take it out of the general ruling in this state, and make it square with the ruling.

■ Defendant contends that the contract in issue on this appeal falls within the rule just stated. From an examination of the contract it is clear that a definite term of one year was contemplated by the parties. Nothing could be clearer than the statement, "Regarding moving expenses, we will pay one-half now and the balance *after one year.*" (Emphasis added.) This appeared in the same paragraph where the compensation of $10,000 per year was mentioned and was undoubtedly intended to be construed with it. It was not separated nor jumbled. It was as if the writer of the letter had disposed of other things and now came to the question of compensation. Furthermore, we find it inconceivable that a man of plaintiff's age would leave his home to come to Chicago for the mere possibility that he would have a permanent position. It was clearly the intention of the parties, by their words, to have this contract be a contract for at least one year and nothing they can say changes that intention of the parties at the time the contract was made.

It was the intention of the parties that this man be hired for a year at least. This is made evident by the reference in the contract in regard to moving expenses.

It is clear that if moving expenses are to be paid they are to be paid for coming to Chicago to take a position which would certainly be for a year or more. While it is true that the majority law in this country would hold if a man was employed for less than one year, still, as has been held in Putnam v. Producers' Live Stock Marketing Ass'n, 256 Ky 196, 75 SW2d 1075, annotated in ALR 100 at pages 828, 829, where it is stated a hiring of one as a salesman for a livestock marketing association "at a salary of $3,300 a year, plus moving expenses from" one city to another, it may be construed to be for a year and not at will. This, is to be noted, is a construction of language and not the adoption of a new rule. It merely states that when the moving expenses are mentioned, it is to be construed for one year and not at will. This was analyzed and the court concluded, at page 831, as follows:

> "Controlled by that general concept or canon of construction, it seems to be rather uniformly held that the circumstances of agreeing on weekly, monthly, quarterly, or semiannual payments of wages is sufficient of itself to establish the presumption of a hiring for the period covered by each payment. *But, when the agreement was for employment at a specified compensation per year, the decisions are not in accord as to the effect of such provision in relation to the duration of the contract."* (Emphasis added.)

And, at page 833:

> "The letter to Putnam confirmed some oral understanding, and is on its face an unconditional contract to pay him $3,300 a year and his moving expenses to Louisville. We think it manifest that a yearly engagement may be legitimately inferred from this letter and the circumstances disclosed sufficient to sustain the cause of action."

444

In the above case, also at page 833, it is pointed out that in Maynard v. Royal Worcester Corset Co., 200 Mass 1, 85 NE 877, it was held:

"that the word 'salary' is more frequently applied to annual employments than to any other, and that its use may import a factor of permanency. So, as we have stated, the mere stipulation that an employee shall be compensated at so much salary per year is of such major evidential value that it requires something to overcome it. The nature of the position to be occupied or the service to be rendered cannot be ignored; e. g., the employment of a manager of a business at a substantial annual salary cannot be viewed as a hiring at will without doing violence to the common understanding of business men."

Defendant further wrote a letter about the moving expenses of the plaintiff, as follows:

"To Whom It May Concern:

This is to advise that Mr. Arthur Miller is an employee at Community Discount Centers, Inc., and that you are authorized to bill this company for the expenses in connection with Mr. Miller's move from Toledo, Ohio to Chicago, Illinois.

Thank you; if there are any questions please contact the undersigned.

/s/ Melvin Kent
MELVIN KENT
Director of Personnel

MK/gj"

■ ■ Both parties have stipulated that the entire agreement between them is contained in the letter of October 2, 1962. In regard to the denial of defendant's

prayer to file an amended answer, the allowance or disallowance of an amendment to the pleadings is a matter of discretion for the trier of facts whose exercise of said discretion will be disturbed on review only upon a showing of abuse of such discretion. Deasy v. City of Chicago, 412 Ill 151, 105 NE2d 727; Ready v. Ready, 33 Ill App2d 145, 178 NE2d 650.

■ Defendant, Community Discount Centers, further contends that the judgment below was against the manifest weight of the evidence. To support this allegation the defendant points to certain testimony of the plaintiff and to testimony of Melvin Kent, personnel director, for defendant at the time of the hiring of the plaintiff. Plaintiff first testified that in his conversations with representatives of the defendant no mention was made of the duration of the contract, while later he stated that the term was for one year. Employees of defendant testified that they had never had any conversation with the plaintiff relating to the duration of his employment. We are of the opinion that the contradictory testimony of the plaintiff merely went to the weight of the evidence, and that in view of the unequivocal nature of the contract, the judgment of the trial court was not against the manifest weight of the evidence.

"An instrument is to be construed most strongly against its author. Murray v. Kaskaskia Livestock Ins. Co., 204 Ill App 568; E. I. DuPont de Nemours & Co. v. Claiborne-Reno Co., 64 Fed2d 224; 12 Am Jur, Contracts, sec 252, p 795."

Cemetery Ass'n v. Village of Calumet Park, 398 Ill 324, at page 333, 75 NE2d 874.

■ The defendant maintains that plaintiff did not produce evidence that he made the requisite effort to mitigate his damages by seeking similar employment. The evidence establishes that when his contract of em-

446

ployment was terminated by the defendant, the plaintiff immediately took adequate steps to mitigate his loss. He was a stranger in Chicago without any family or business ties. He procured the services of an employment agency, which he paid $350, to find him a position. We think that the record shows that the court was right in finding that the plaintiff exercised reasonable diligence in mitigating the damages by seeking other employment.

Plaintiff agrees with defendant that there was an error in computation and that the judgment should be reduced by the sum of $96.28. Therefore the judgment for plaintiff and against defendant is amended to read $3,966.65 in place of $4,062.93 and as amended is affirmed.

Judgment amended and affirmed.

LYONS, P. J. and BURKE, J., concur.