THOMAS KEPPER, Plaintiff-Appellant, *v.* SCHOOL DIRECTORS OF DISTRICT No. 120, County of La Salle, Defendant-Appellee.

(No. 74-131;

Third District—March 24, 1975.

Louis E. Olivero, of Peru, for appellant.

Herbolsheimer, Lannon, & Henson, of La Salle (R. J. Lannon, of counsel), for appellee.

Mr. JUSTICE ALLOY delivered the opinion of the court:

This is an appeal from orders of the Circuit Court of La Salle County which dismissed the complaint of plaintiff, Thomas Kepper, and denied his motion to vacate the judgment and reinstate the complaint.

The complaint before us alleges that the defendant school board

wrongfully discharged plaintiff, who was a school custodian, in breach of his contract of employment. He asked for damages of $120,115.68. Defendant, in presenting the motion to dismiss, asserted that there was no contract of employment for a specific time and that plaintiff was, therefore, an employee at will, with his employment terminable at any time by defendant or plaintiff himself. The trial court agreed. From the record before us, it is apparent that Kepper began working as custodian for the La Salle-Peru Township High School District No. 120, about March 1, 1960. He was a member of Service Employees Union Local 138 throughout the period of his employment with defendant. The record also shows that the union and the school board negotiated every year for certain wages and related terms applicable to male custodians such as Kepper.

It is alleged in the complaint that the Union entered into an agreement with the defendant Board on July 1, 1970, and as a result of such agreement plaintiff was to render custodial duties in the high school. It is asserted that the Board agreed to employ plaintiff in accordance with the "Working Agreement with Male Custodians" for a 1-year period. A copy of the working agreement for the period from July 1, 1969, to July 1, 1970, was attached to the complaint by amendment as an example of the agreement's terms. Plaintiff asserted that he was under a contract of employment from July 1, 1970, to July 1, 1971, and that his discharge on September 28, 1970, without assigning a specific reason, was in breach of that contract. The "Working Agreement" attached to the complaint is a three-page typewritten document which bears the high school's name at the top. It is not signed by anybody. It consists solely of headings—"Wages," "Overtime," "Vacations," "Leave," "Retirement," "Holidays," and "Conditions," with several provisions under each heading. No individual name of any employee is mentioned and the Union is referred to only in the seniority and dues provisions under "Conditions."

Defendant pointed out, since the attached "Working Agreement" to the complaint was dated July 1, 1969, to July 1, 1970, and does not encompass the date of the plaintiff's discharge, that the document should not even be considered. Plaintiff responded that a copy of the relevant July 1, 1970, to July 1, 1971, agreement was not available when the complaint was filed and alleges in his brief that the relevant terms of the working agreement are identical to those of the one attached to the complaint. We have considered the provisions on the basis of this assertion, and, since the point does not seem to have been argued in the trial court, we assume for the purposes of this opinion that the terms of the copy of the agreement before us also cover the period from July 1, 1970, to July 1, 1971.

■■ While normally a claimant could not rely on an agreement to which he is not a party, we should not be understood as saying that a collective bargaining agreement which in fact covers certain terms applicable to certain employees could not be availed of by the employee, since he would be a third-party beneficiary and presumably entitled to rely on the terms of such agreement provisions which might have been agreed upon with a union.

The question before us, however, is whether the "Working Agreement" which we have in this case provides for a 1-year contract of employment as to plaintiff and other custodians from July 1, 1970, to July 1, 1971. We agree that the trial court was correct in finding that the "Working Agreement" does not constitute a contract of employment involving plaintiff. If the "Working Agreement" had supported plaintiff's contention that he was under a contract for a definite period of time, a cause of action for breach of the contract would be stated by the complaint. (See 17 I.L.P. *Employment* §§ 21 *et seq.*) The complaint in this cause, however, and the argument advanced by plaintiff, is based solely on the premise that the "Working Agreement" in itself is a contract of employment. We do not find that this is so. There is nothing in the "Working Agreement" concerning the duration of employment for any one or more custodians. There is nothing therein specified by which defendant agrees to employ anyone. Must significantly, there is nothing whatsoever regarding termination of employment, except for one provision relating to retirement which provides that custodians attaining the age of 65 during the school year could finish out that particular year.

■■ Construing the "Working Agreement" in a manner most favorable to plaintiff, it simply supplies the terms and conditions of plaintiff's employment as therein specified and limited. It says nothing about the duration of plaintiff's employment. Although the "Working Agreement" specifies the amount of compensation and other items which are applicable for a period from July 1, 1970, to July 1, 1971, this does not help plaintiff's position. It has been held expressly that a contract specifying no duration of employment, and thus terminable at will, is not made otherwise by the inclusion of salary rates based on units such as months or years. (*Atwood v. Curtiss Candy Co.*, 22 Ill.App.2d 369, 373, 161 N.E.2d 355 (1st Dist. 1959).) The agreement in the cause before us merely specified certain terms and conditions relating to custodians applicable during the particular time indicated. It has no provision as to termination of employment or discharge. It does not establish the duration of plaintiff's employment in any manner. "It is well settled that an employment contract that does not specify a definite duration is terminable at will

by either party." *Donahue v. Rockford Showcase & Fixture Co.,* 87 Ill.App.2d 47, 53, 230 N.E.2d 278 (2nd Dist. 1967).

Plaintiff in this cause has relied solely on the terms of the "Working Agreement" in attempting to establish a specific period of employment. Since the agreement, in itself, does not establish any duration of employment, and has no applicable provision as to termination of employment of plaintiff, he has failed to establish in the complaint that there was an agreement to continue to employ him until July 1, 1971.

For the reasons stated, the judgment of the Circuit Court of La Salle County in this cause is affirmed.

Affirmed.

STOUDER, P. J., and STENGEL, J., concur.