ROBERT J. JAGO, Plaintiff-Appellant, v. MILLER FLUID POWER CORPORATION, Defendant-Appellee.

Second District    No. 2—92—0653

Opinion filed June 11, 1993.

David R. Centracchio and Patrick D. Lamb, both of Goldstein & Lamb, of Chicago, for appellant.

Peter R. Bulmer, of Hopkins & Sutter, of Chicago, for appellee.

JUSTICE COLWELL delivered the opinion of the court:

Plaintiff, Robert Jago, appeals the circuit court's order dismissing his amended complaint with prejudice. Plaintiff sued defendant, Miller Fluid Power Corporation, alleging breach of an employment contract and promissory estoppel following defendant's termination of his employment. The trial court dismissed both counts and plaintiff appeals. On appeal, plaintiff contends the complaint contained sufficient facts to state the causes of action alleged. We affirm.

Plaintiff's complaint alleges that defendant hired him as regional plant manager of its Bethlehem, Pennsylvania, plant. The terms of the agreement were set forth in a letter from Thomas Parker, defendant's director of human resources, to plaintiff, dated April 11, 1990. The letter states that plaintiff would receive a base salary of $45,000 per year. It further states:

"In addition to the above compensation, you will also participate in our management incentive program, that can contribute up to an additional 20% of your base salary, prorated on a 7/12 ratio for the balance of 1990. Each year thereafter, you will be participating on a full year basis."

Defendant closed the Bethlehem plant in the fall of 1990. Defendant then offered plaintiff the position of manager of manufacturing and industrial engineering at its plant in Bensenville, Illinois. Plaintiff received a letter dated November 29, 1990, from Frank Cushman, defendant's vice-president of operations, confirming the job offer. This letter provided that plaintiff's salary would be "$55,000 per year" and that his "participation in any future management bonus will remain the same." Cushman also wrote, "I will expect you to report to your new position in Bensenville permanently on Monday, January 7, 1991," and "I am confident you will

make a significant contribution to help Miller Fluid Power achieve its growth plans in the next several years."

Plaintiff accepted the offer by signing and returning the letter. He left his wife and family in Pennsylvania and moved to Illinois. Defendant terminated his employment on June 15, 1991.

In count I, plaintiff alleged that the November 29 letter incorporated by reference the April 11 letter and that these two documents constituted an employment contract for a term of at least one year. In count II, plaintiff alleged that he moved to Illinois in reliance on defendant's promise of long-term employment. Defendant filed a motion to dismiss. Defendant contended that the contract was terminable at will and could not give rise to a cause of action for either breach of contract or promissory estoppel. The trial court agreed and dismissed the action with prejudice.

On appeal, plaintiff first contends that count I stated a cause of action for breach of an employment contract. Plaintiff acknowledges the general rule that, absent a contrary intention, an employment contract is terminable at will by either party. (See *Duldulao v. St. Mary of Nazareth Hospital Center* (1987), 115 Ill. 2d 482, 489.) He contends, however, that when read together the provision in the November 29 letter for an annual salary, the incorporation by reference of the April 11 letter providing for participation in the bonus plan "on a full year basis," the reference to reporting for work "permanently," and the allusion to contributing to defendant's growth plans for "the next several years" demonstrate the parties' intention to establish a minimum term of employment of at least one year.

In reviewing the granting of a motion to dismiss, this court must accept as true all well-pleaded facts. (*Ogle v. Fuiten* (1984), 102 Ill. 2d 356, 360.) A court should not dismiss a cause of action on the merits unless it clearly appears that no set of facts can be proved which would entitle the plaintiff to recover. *Ogle*, 102 Ill. 2d at 360-61.

■■ In general, an employment contract is terminable at will by either party unless the contract itself specifies a different durational term. (*Duldulao*, 115 Ill. 2d at 489; *Palmateer v. International Harvester Co.* (1980), 85 Ill. App. 3d 50, 52, *rev'd on other grounds* (1981), 85 Ill. 2d 124.) A hiring at a monthly or annual salary, if no duration is specified, is considered to be at will. *Owens v. Second Baptist Church* (1987), 163 Ill. App. 3d 442, 445-46; *Buian v. J.L. Jacobs & Co.* (7th Cir. 1970), 428 F.2d 531, 533; Annot., 93 A.L.R.3d 659, 664 (1979).

In this case, there is no question that the November 29 letter lacks an express durational term. The mere reference to an annual salary is insufficient to convert a contract at will into one for a term of one year. Plaintiff further contends, however, that the reference to a bonus calculated "on a full year basis" is further evidence of the parties' intent to create a one-year contract.

Defendant initially contests plaintiff's reliance on the April 11 letter, contending that the November 29 letter is unambiguous and must therefore be interpreted without regard to extrinsic evidence. We note, however, that the latter letter does not purport to embody the parties' entire agreement, but specifically refers to extrinsic documents by stating that plaintiff's "participation in any future management bonus will remain the same." The parties to a contract may incorporate by reference another document if that intention is clearly shown on the face of the contract. (*Wilson v. Wilson* (1991), 217 Ill. App. 3d 844, 853.) Here the contract does not contain any bonus provisions, but clearly refers to some prior understanding between the parties. While the November 29 letter refers to some other agreement, it is not entirely clear that the April 11 letter is the one. In reviewing the dismissal of the complaint, however, we must accept this allegation as true.

■ Even assuming that the November 29 letter incorporates the April 11 letter, it does not establish the parties' intention to create a one-year contract. In *Mann v. Ben Tire Distributors, Ltd.* (1980), 89 Ill. App. 3d 695, 697, the court held that a provision for a bonus to be calculated annually did not indicate an intention to establish an employment term of one year. The court stated, "A time span for financial reckoning is not to be equated with duration of employment, although it may be fractionalized in determining any *pro rata* portion of bonus which might become due for the period of actual employment." (89 Ill. App. 3d at 697.) The provision at issue in this case is similar to the one at issue in *Mann*. The fact that plaintiff's bonus was to be calculated yearly does not indicate an intention to establish an employment term of one year.

Similarly, the reference to reporting to work "permanently" does not establish the parties' intention to abrogate the presumption of an employment-at-will relationship. Generally, a contract for "permanent" employment is indefinite and considered to be terminable at will. *Martin v. Federal Life Insurance Co.* (1982), 109 Ill. App. 3d 596, 602; *Justice v. Stanley Aviation Corp.* (1974), 35 Colo. App. 1, 4, 530 P.2d 984, 986.

Finally, the reference to plaintiff's contributing to defendant's growth "in the next several years" is similarly unavailing for plaintiff. Such statements are generally considered mere statements of expectation and not guarantees of employment for any specific term. *Buian*, 428 F.2d at 533; *Payne v. A H F I/Netherlands, B.V.* (N.D. Ill. 1980), 522 F. Supp. 18, 22.

The cases on which plaintiff relies are distinguishable. In *Miller v. Community Discount Centers, Inc.* (1967), 83 Ill. App. 2d 439, the contract stated that defendant would pay one-half of plaintiff's moving expenses immediately and half at the end of one year. The court held that this clearly indicated an intention that the employment relationship would last for a minimum of one year. In *Chambers v. John T. Shayne & Co.* (1961), 32 Ill. App. 2d 16, there was evidence of a prior course of dealing between the parties whereby defendant employed plaintiff on a yearly basis. In *Grauer v. Valve & Primer Corp.* (1977), 47 Ill. App. 3d 152, and *Berutti v. Dierks Foods, Inc.* (1986), 145 Ill. App. 3d 931, the contracts both contained references to a guaranteed salary for a period of 12 months. In *Piper v. Board of Trustees of Community College District No. 514* (1981), 99 Ill. App. 3d 752, the defendant's employment manual contained a special provision, inapplicable in that case, for employment for "less than the normal 12-month period." In that case, too, a prior course of dealing had developed wherein defendant rehired plaintiff for successive 12-month terms.

None of the factors which the courts found persuasive in the above-cited cases is present in the instant case. Nothing in the two letters clearly establishes the parties' intention to create a minimum term of employment. It follows that the trial court did not abuse its discretion in dismissing count I of the complaint.

■ Plaintiff also contends that count II was sufficient to state a cause of action for promissory estoppel. To plead a cause of action for promissory estoppel, plaintiff must allege that (1) defendants made an unambiguous promise to plaintiff; (2) plaintiff relied on this promise; (3) plaintiff's reliance was expected and foreseeable by defendants; and (4) plaintiff relied to his detriment. *Quake Construction, Inc. v. American Airlines, Inc.* (1990), 141 Ill. 2d 281, 309-10.

We have already determined that nothing in defendant's two letters created an unambiguous offer of employment for a minimum term of one year. Plaintiff alleges no additional facts in count II from which such a promise could be inferred. Since plaintiff failed

to allege an essential element of the cause of action, the court did not err in dismissing count II.

For the foregoing reasons, the judgment of the circuit court dismissing the complaint is affirmed.

Affirmed.

UNVERZAGT and WOODWARD, JJ., concur.