WESTON, INC., Plaintiff,

v.

NOVA CONSULTING GROUP,
INC., Defendant.

No. 99 C 853.

United States District Court,
N.D. Illinois,
Eastern Division.

Dec. 3, 1999.

Lisa Arlyn Lowe, Jacob J. Meister, Bert
J. Zaczek, Schwartz & Freeman, Chicago,
IL, David R. Mayo, Benesch, Friedlander,
Coplan & Aronoff, Cleveland, OH, for
Weston Inc., plaintiff.

Michael A. Pope, Marie Ann Halpin,
McDermott, Will & Emery, Chicago, IL,
Jonathan M Bye, Lindquist & Vennum,
P.L.L.P., Minneapolis, MN, for Nova Con-
sulting Group, defendant.

Lisa Arlyn Lowe, Jacob J. Meister, Bert
J. Zaczek, Schwartz & Freeman, Chicago,
IL, David R. Mayo, Benesch, Friedlander,
Coplan & Aronoff, Cleveland, OH, for
Weston Inc., counter–defendant.

### MEMORANDUM OPINION
### AND ORDER

CASTILLO, District Judge.

Weston, Inc. sues Nova Consulting
Group, Inc., in diversity for breach of con-
tract. The parties have filed cross-mo-
tions for summary judgment. We do not,
however, reach the arguments presented
in the parties' motions because, upon care-
ful review of the record, we conclude that
we lack subject matter jurisdiction over
the case. The contract at issue contains
an enforceable liability limitation, which
precludes Weston from reasonably alleging
the jurisdictional minimum amount of re-
covery required by 28 U.S.C. § 1332(b).

### ANALYSIS

In June 1998, Weston asked Nova to
submit a proposal to conduct an inspection
and survey on six warehouses that Weston
was interested in buying. Between June
18 and June 30, Nova submitted four pro-
posals, (R. 8, Nova Exs. 3–6); Weston's
Vice President of Operations, William
Thrush,[1] signed the final proposal, thereby

---

1. On the contract, Mr. Thrush indicated that he was the President of Weston, but at his deposition he testified that he is, and was during the entire period of negotiations be-
tween the two companies, Weston's Vice President of Operations. (R. 8, Nova Ex. D, Thrush Dep. at 5.) We use the representation he made under oath.

accepting the bid and forming a contract between Weston and Nova. The final proposal states a lump-sum cost of $65,000. It also provides that the "revised costs supercede [the proposal] dated June 26, 1998. All other terms of the previous proposal remain in effect." (R. 8, Nova Ex. 6, June 30 Proposal at 1.) The final line of the contract states "Terms of payment for services are ... as specified on our attached General Conditions which are part of this proposal."

The General Conditions form, which was bound with each of the three formal proposals Nova submitted to Weston and attached to the final proposal, contains a section titled **LIMITATION OF LIABILITY:** "NOVA's liability to CLIENT ... for damages ... will be limited to an amount not to exceed NOVA's charges for the Services." (*See, e.g.,* R. 8, Nova Ex. 6, Agreement of General Conditions at § 11.1 (emphasis in original).) To date, Nova has charged Weston $34,180.00. (R. 8, Nova Ex. 10, Hromatka Aff. ¶ 2.) Weston, however, alleges that Nova's breach caused it damages in excess of $1,000,000. (R. 1, Compl.¶¶ 14, 17.) The cross-motions for summary judgment address whether the provision limiting Nova's potential liability was adequately incorporated into the June 30 proposal and, if it was, whether the provision is enforceable.

The summary judgment arguments reveal a more intrinsic issue, that of our jurisdiction over the case. A plaintiff in diversity must establish "a good faith, minimally reasonable belief that the suit might result in a judgment in excess of [the jurisdictional] amount" of $75,000 set forth in § 1332(b). *Normand v. Orkin Exterminating Co.,* 193 F.3d 908, 910 (7th Cir.1999). Furthermore, "[i]f there is a clearly valid limitation on liability which

reduces the maximum possible judgment below the specified statutory minimum, the suit cannot be maintained." *Id.; see also Pratt Cent. Pk. Ltd. v. Dames & Moore, Inc.,* 60 F.3d 350, 353 (7th Cir.1995) ("Sometimes a clause [limiting liability] is so clear, or the legal means of undermining it so weak, that the plaintiff's demand is bound to come under the [jurisdictional] cap."). Although Weston alleges entitlement to over one million dollars, the liability limitation purports to cap recovery at $34,180.00, far below the jurisdictional minimum. The parties do not acknowledge the jurisdictional problem; nevertheless, we are duty bound to decide the question. *United States v. County of Cook, Ill.,* 167 F.3d 381, 387 (7th Cir.1999) ("If the parties neglect the subject, a court must raise jurisdictional questions itself.").

This case falls squarely within *Pratt Central:* Weston's attacks on the provision limiting Nova's liability are so unconvincing that Weston cannot reasonably allege the jurisdictional minimum. Illinois law, which Weston argues governs the contract, enforces terms from a referenced document when the contract explicitly incorporates that document. *See, e.g., Jago v. Miller Fluid Power Corp.,* 245 Ill.App.3d 876, 185 Ill.Dec. 785, 615 N.E.2d 80, 82 (1993); *Wilson v. Wilson,* 217 Ill. App.3d 844, 160 Ill.Dec. 752, 577 N.E.2d 1323, 1329 (1991). Here, the final proposal signed by Weston explicitly incorporates the General Agreement form, which in turn caps Nova's liability at $34,180. Thus, Weston cannot show a good faith, reasonable belief in its right to recover more than $75,000, and we dismiss the case for lack of diversity jurisdiction.[2]

Weston maintains, in the face of the clear contract language, that the final pro-

2. The Seventh Circuit's decision in *Pratt Central* seems to suggest that, given our conclusion regarding the enforceability of the liability limitation, this Court has the option of either dismissing the case for lack of jurisdiction or granting partial summary judgment in favor of Nova by limiting Weston's possible remedy. *See Pratt Cent.,* 60 F.3d at 353. We,

however, believe that the proper thing to do under the circumstances is to decide the pending motions and dismiss the case simultaneously because the dismissal is based on an inherent partial ruling on the limitations clause, which was the subject of the summary judgment motions.

posal's incorporation of the General Conditions form is ambiguous because it is inconsistent with the June 26 proposal, which was also incorporated by reference in the final proposal. According to Weston, the June 26 proposal does not contain a statement incorporating the General Conditions form in its entirety; rather, it refers only to a provision in the General Conditions concerning interest on unpaid balances. (R. 14, Weston Ex. G, June 26 Proposal at 4.) Additionally, argues Weston, the final proposal, by its terms, changed nothing in the June 26 proposal except the contract price. In other words, the final proposal's incorporation of the entire General Conditions form is inconsistent with the June 26 proposal's incorporation of a specific provision, rendering the contract ambiguous with regard to the provision limiting Nova's liability.

Weston's argument is unavailing because the two proposals are not inconsistent, nor is it possible to find any ambiguity in the contract, read as a whole, with respect to the incorporation of the General Conditions form. The General Conditions form was bound into each of the three formal proposals initially submitted to Weston by Nova. The very first line of the General Conditions form dictates that Nova proposals are governed by the form: "[Nova] shall provide [Weston] the services described in the Nova proposal ... attached hereto in accordance with the terms thereof and hereof." (R. 8, Nova Ex. 6.) This notice in conjunction with the final proposal's explicit incorporation of the General Conditions form neutralizes Weston's claim that it did not know the entire form was part of the contract.

## CONCLUSION

For the reasons stated above, we dismiss this case for lack of federal jurisdiction without prejudice to Weston's rights to refile this litigation in an appropriate state court. Weston's motion for summary judgment regarding the enforceability of the liability limitation, (R. 13–1), is denied. Nova's motion for partial summary judgment on the same issue, (R. 18–1), is

granted to the extent discussed in this opinion. The Clerk of the Court is instructed to enter judgment, pursuant to Federal Rule of Civil Procedure 58, in favor of Nova.