# Illinois Official Reports

## Appellate Court

---

### *Eakins v. Hanna Cylinders, LLC*, 2015 IL App (2d) 140944

---

| | |
|---|---|
| Appellate Court Caption | DAVID EAKINS, Plaintiff and Counterdefendant-Appellant, v. HANNA CYLINDERS, LLC, Defendant and Counterplaintiff-Appellee. |
| District & No. | Second District<br>Docket No. 2-14-0944 |
| Filed<br>Rehearing denied | June 2, 2015<br>July 9, 2015 |
| Decision Under Review | Appeal from the Circuit Court of Lake County, No. 12-L-639; the Hon. Christopher C. Starck, Judge, presiding. |
| Judgment | Affirmed in part and reversed in part; cause remanded with directions. |
| Counsel on Appeal | John B. Kincaid, of Mirabella, Kincaid, Frederick & Mirabella, LLC, of Wheaton, for appellant.<br><br>Fitzgerald T. Bramwell, of Law Office of Fitzgerald Bramwell, of Chicago, for appellee. |

| Panel | JUSTICE BURKE delivered the judgment of the court, with opinion. Justices Jorgensen and Hudson concurred in the judgment and opinion. |

**OPINION**

¶ 1    Plaintiff, David Eakins, filed a two-count complaint against defendant, Hanna Cylinders, LLC, for wages due and owing pursuant to the Illinois Wage Payment and Collection Act (Wage Act) (820 ILCS 115/1 *et seq.* (West 2012)) and for breach of the parties' employment contract. Plaintiff appeals the trial court's grant of defendant's summary judgment motion and denial of his motion for summary judgment. We affirm in part, reverse in part, and remand the cause with directions.

¶ 2                                    I. BACKGROUND

¶ 3    On February 15, 2010, defendant hired plaintiff to be its plant manager pursuant to an at-will employment contract. Defendant offered a revised contract in a letter of agreement dated July 15, 2010, when plaintiff tendered his resignation after receiving an offer from another employer. Plaintiff accepted defendant's offer, which included a base salary, automatic bonuses, and a "minimum term of employment 24 months from 7/15/2010." After about 14 months, on September 21, 2011, defendant terminated plaintiff. Defendant did not pay any salary to plaintiff after the date of termination.

¶ 4    On August 22, 2012, plaintiff filed a two-count complaint. Count I alleged a violation of section 5 of the Wage Act (820 ILCS 115/5 (West 2012)). In his prayer for relief, plaintiff sought unpaid wages and prejudgment interest (see 820 ILCS 115/14(a) (West 2012)) and reserved his right to seek statutory penalties (see 820 ILCS 115/14(b) (West 2012)). In count II, plaintiff alleged breach of contract and sought unpaid wages, prejudgment interest, and attorney fees. Plaintiff claimed that the July 15, 2010, employment contract provided for a minimum term of employment of 24 months from that date. Plaintiff alleged that he mitigated part of his damages by securing new employment on February 3, 2012.

¶ 5    Defendant filed amended affirmative defenses and counterclaims. Count I of the counterclaims alleged negligence. Count II alleged willful and wanton acts and omissions. However, the counterclaims are not part of this appeal and remain pending in the trial court.

¶ 6    On January 6, 2014, plaintiff filed a motion for summary judgment pursuant to section 2-1005 of the Code of Civil Procedure (Code) (735 ILCS 5/2-1005 (West 2012)), arguing that, by the express terms of his contract, he was entitled to two years of employment. The trial court denied the motion.

¶ 7    Defendant filed its motion for summary judgment on June 9, 2014. Defendant alleged that plaintiff breached the contract by his poor performance and that therefore it had the right to discharge him for cause. Defendant alleged significant problems with plaintiff's performance. For example, defendant claimed that the number of past-due orders skyrocketed during his final full month of employment; he consistently failed to meet forecasted shipments, causing defendant to lose customers and market shares; and defendant's inventory levels were above

normal. Defendant further alleged that plaintiff lost control of defendant's manufacturing plant and that his inability to control costs and to drive any significant increase in revenue placed significant stress on defendant's profitability, solvency, and operation. Plaintiff denied the allegations.

¶ 8 As to the breach-of-contract count, the trial court stated that it was "convinced that there [was] no genuine issue of material fact." It noted that, "in his deposition, [plaintiff] admitted his responsibility and his duties so, even if there was, indeed, a contract for two years plus the bonuses, [plaintiff] had admitted he's breached his duties as far as I can see." As to the Wage Act count, the trial court held that the Wage Act did not apply to compensation due under an employment contract once that contract was terminated, particularly where there was a question at the time as to whether the termination was for cause.

¶ 9 On August 14, 2014, the trial court granted defendant's motion for a special finding pursuant to Illinois Supreme Court Rule 304(a) (eff. Feb. 26, 2010). Plaintiff timely appeals.

¶ 10 II. ANALYSIS
¶ 11 A. Summary Judgment for Defendant
¶ 12 1. Standard of Review
¶ 13 Plaintiff contends that the trial court erred in granting summary judgment in defendant's favor on both counts. Summary judgment is appropriate "if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." 735 ILCS 5/2-1005(c) (West 2012). The motion should be denied if there are disputed facts, but also if reasonable people could draw different inferences from the undisputed facts. *Wood v. National Liability & Fire Insurance Co.*, 324 Ill. App. 3d 583, 585 (2001). We review *de novo* an order granting summary judgment. *Pielet v. Pielet*, 2012 IL 112064, ¶ 30.

¶ 14 2. Breach of Contract
¶ 15 Where the terms of a contract are clear and unambiguous, they will be given their natural and ordinary meanings. *Berutti v. Dierks Foods, Inc.*, 145 Ill. App. 3d 931, 934 (1986). A contract is ambiguous if it is susceptible to more than one meaning. *Bishop v. Lakeland Animal Hospital, P.C.*, 268 Ill. App. 3d 114, 117 (1994). However, a contract is not ambiguous solely because the parties disagree upon its meaning. *Foxfield Realty, Inc. v. Kubala*, 287 Ill. App. 3d 519, 524 (1997). The terms of an agreement, if unambiguous, should generally be enforced as they appear, and those terms will control the rights of the parties. *Batson v. The Oak Tree, Ltd.*, 2013 IL App (1st) 123071, ¶ 35. Any ambiguity in a contract term, however, must be resolved against the drafter of the disputed provision. *Id.*

¶ 16 Generally, absent a contrary intention, an employment agreement without a fixed duration is terminable at will by either party. *Duldulao v. Saint Mary of Nazareth Hospital Center*, 115 Ill. 2d 482, 489 (1987). A hiring at a monthly or annual salary, if no duration is specified, is considered to create an at-will employment relationship. *Jago v. Miller Fluid Power Corp.*, 245 Ill. App. 3d 876, 878 (1993).

¶ 17 Here, the parties agree that plaintiff and defendant entered into a contract with a 24-month duration. Defendant maintains that, because plaintiff breached the contract by his poor performance, it had the right to discharge plaintiff for cause regardless of the duration of the

contract. Plaintiff argues that defendant had no right to discharge him for cause, because the contract unambiguously guaranteed payment for a specific duration with no performance requirements.

¶ 18    *Pokora v. Warehouse Direct, Inc.*, 322 Ill. App. 3d 870 (2001), and *Berutti v. Dierks Foods, Inc.*, 145 Ill. App. 3d 931 (1986), are on point and support plaintiff's argument. In *Berutti*, the plaintiff and the defendant entered into an agreement memorialized in a letter that provided, in part, that the defendant would pay the plaintiff a " '[g]uaranteed salary for twelve months of $750.00 per week. ($39K per annum).' " *Id.* at 933. After a few months, the defendant terminated the plaintiff on the basis that his sales performance was insufficient. The plaintiff sued for breach of contract. We determined that the parties' employment relationship was for a fixed term and not at will, based on the defendant's letter to the plaintiff, which contained "clear words of guarantee" that the defendant would pay the plaintiff a guaranteed salary for 12 months. *Id.* at 936. We further found that the plaintiff's performance level was not among the contract's terms or a basis for a discharge for cause. *Id.* at 937.

¶ 19    In *Pokora*, the defendant argued that a letter of agreement created nothing more than an at-will employment relationship. The plaintiff argued that the letter set forth a pay schedule that guaranteed a salary for a specified duration. We found that the letter contained unambiguous words of guarantee that specified a certain amount of compensation for a minimum period of time. The letter stated, " 'WILL GUARANTEE MINIMUM PAY OF $5,500/MO YOUR FIRST TWO YEARS.' " *Pokora*, 322 Ill. App. 3d at 877. Like in *Berutti*, we observed that, as the letter did not indicate that the plaintiff was subject to any performance requirements, the parties had contemplated an employment arrangement for a specified period of time. *Id.*

¶ 20    Defendant's arguments are similar to those raised by the defendant in *Berutti*. Defendant contends that, even if the contract provided for a fixed duration, defendant did not breach the contract, because plaintiff was discharged for cause based on his substandard performance. Defendant maintains that an employer always retains the right to discharge an employee for cause regardless of the duration of the contract. See *Berutti*, 145 Ill. App. 3d at 936-37. Defendant relies on *H. Vincent Allen & Associates, Inc. v. Weis*, 63 Ill. App. 3d 285 (1978).

¶ 21    In *H. Vincent Allen*, the employment contract contained no specific duration or termination date other than a mutual 90-day termination clause. *Id.* at 294. The court concluded that the parties' employment relationship was at will, because the contract was subject to termination by either party upon giving 90 days' notice. The court further stated that this fact did not "eliminate the basic principle of the law regarding employment contracts which gives the employer the right of discharge for good cause even though such right is not stated in the agreement and even though the agreement may delineate certain specific causes for discharge." *Id.* at 294-95.

¶ 22    In *Berutti*, we found *H. Vincent Allen* distinguishable. We explained:

"In that case, the defendant-employee was found to have breached his *fiduciary duty* as an officer of the plaintiff-corporation by actively soliciting plaintiff's business prior to his departure from plaintiff's employment. The court found that this duty, while not an express term of the employment contract, was imposed by law. [Citation.] In the instant case, plaintiff was not an officer of defendant's corporation. Nor did he breach any fiduciary duty imposed by law. The terms of the parties' employment agreement were contained in the correspondence dated April 21, 1983. While defendant could have

- 4 -

included a term which would have set forth plaintiff's performance requirements, he did not do so." (Emphasis added.) *Berutti*, 145 Ill. App. 3d at 937.

¶ 23 In this case, the July 15 letter stated "[p]lease find the [following] revised terms of your employment with [defendant] as Plant Manager:

| | |
|---|---|
| Annual Base Salary | $130,000 |
| Automatic Bonus for 2010 | $10,000 |
| Automatic Bonus for 2011 | $20,000 |
| Minimum Term of Employment | 24 Months from 7/15/2010." |

Like in *Berutti* and *Pokora*, the contract clearly was not terminable at will, as it guaranteed a salary for a fixed term of 24 months. We further find that plaintiff's performance level was not among the contract's terms or a basis for a discharge for cause. Defendant's only basis for alleging breach is plaintiff's failure to attain performance benchmarks that were never set forth in the contract. Defendant does not allege a breach of fiduciary duty, as was alleged in *H. Vincent Allen*, or any similar malfeasance or nonfeasance.

¶ 24 Defendant attempts to distinguish *Berutti* and *Pokora*. Defendant argues that *Pokora* did not consider the issue of employee breach and, therefore, is inapposite. Defendant also maintains that *Berutti* did not hold that poor performance can never justify termination; rather it dealt with the limited issue of whether a salesman's failure to *increase* sales within his sales territory was a breach of his employment contract. The difference, defendant argues, is that it did not discharge plaintiff for failing to grow the business; it discharged plaintiff because he *destroyed value*. We fail to see a difference between destroying value and failing to grow the business. Both concern performance levels that the employer deemed to be substandard but did not include in the contract.

¶ 25 Defendant raises examples of how plaintiff did not exercise the skill and care that are implied in every employment contract. Defendant cites "undisputed facts" of how plaintiff breached the duties of a plant manager. Defendant's argument centers on plaintiff's admissions concerning his failure to hold subordinates accountable for their responsibilities, his part in unacceptably high inventory, his inability to control unacceptably high overtime expenditures, his issues meeting plans and forecasts, and his issues with respect to product quality. Defendant notes that the trial court understood this too, finding that plaintiff admitted his responsibility and his duties, so, even if there was a contract for two years, plaintiff admitted that he breached his duties.

¶ 26 Plaintiff did agree that his job as plant manager required certain essential duties, and he acknowledged that he could have performed better. However, contrary to the trial court's conclusion, there is nothing in plaintiff's deposition testimony amounting to an admission of breach of his duties. Furthermore, even if plaintiff's performance was poor, no performance standards were contained in the contract. To recognize this as a valid basis for termination would transform this specific-duration contract into an at-will contract where defendant would be free to terminate plaintiff whenever it felt that plaintiff's performance was inadequate.

¶ 27 Our decision is limited to the facts presented, where plaintiff's alleged breach is a failure to meet certain standards. Had plaintiff's alleged breach involved a failure to perform his duties (*e.g.*, not appearing at work, sitting at a desk all day doing nothing, etc.), the fact that this was a specific-duration contract would be of no import. See *Finch v. Illinois Community College Board*, 315 Ill. App. 3d 831, 836 (2000) ("If a party fails to perform his duties under a contract,

without a valid excuse, he is liable for a breach of contract, and the remedies for the breach would depend on whether the breach was material or minor. [Citations.] If the breach is minor, it is compensable in damages; however, if the breach is material, a nonbreaching party may be excused from its duty of counterperformance.").

¶ 28    As to the out-of-state cases that defendant cites to support its argument, we recognize that, without established authority in Illinois, we may choose to examine authority from other jurisdictions. See, *e.g.*, *Skipper Marine Electronics, Inc. v. United Parcel Service, Inc.*, 210 Ill. App. 3d 231, 239 (1991). However, case law from this court supports our decision. See *Schramer v. Tiger Athletic Ass'n of Aurora*, 351 Ill. App. 3d 1016, 1020 (2004) (Illinois rule of *stare decisis*). Moreover, after reviewing the out-of-state cases, we find them unpersuasive.

¶ 29    In sum, we find that the letter of agreement clearly specified a fixed term of 24 months and that plaintiff's level of performance was not among the contract's terms and was not a basis for termination. Accordingly, we find that defendant, not plaintiff, breached the contract, and therefore we reverse the summary judgment for defendant on the breach-of-contract count.

¶ 30                              3. The Wage Act

¶ 31    In *Majmudar v. House of Spices (India), Inc.*, 2013 IL App (1st) 130292, the First District Appellate Court considered whether the Wage Act applied to unpaid future wages pursuant to an employment contract after that contract was terminated. *Id*. ¶ 9. The court held that, where there is a question as to whether the employee was terminated for cause, unpaid future compensation pursuant to a terminated contract does not fall under the Wage Act's definition of "final compensation." *Id*. ¶ 30. The court thus concluded that the defendant did not violate the Wage Act when it did not pay the plaintiff wages for the remainder of the plaintiff's terminated contract. *Id.* The trial court here held that *Majmudar* supported judgment in defendant's favor on the Wage Act count. We agree with the trial court.

¶ 32    In 1984, the Wage Act's definition of compensation was amended to include any compensation owed pursuant to an employment contract. The *Majmudar* court determined that the definition did not include posttermination wages, because the employer was no longer receiving anything in exchange for the compensation. *Id.* ¶¶ 14-15. The court also held that the legislative history did not support applying the Wage Act (*id*. ¶ 21) and that applying the Wage Act would create an unfair burden on employers, especially when the employers believed that they had cause to terminate the employee or when they believed that the employee had breached the contract.

¶ 33    Plaintiff contends that the trial court erred in relying on *Majmudar* when *Elsener v. Brown*, 2013 IL App (2d) 120209, is on point. However, *Elsener* is distinguishable. In that case, the defendant did not dispute that the plaintiff was owed severance money under the contract. *Id*. ¶ 51. The issue presented was whether the defendant was personally liable for the Wage Act violation. *Id*. ¶ 49. Accordingly, we find that the trial court did not err in granting defendant summary judgment on the Wage Act count.

¶ 34                     B. Summary Judgment for Plaintiff
¶ 35                              1. Jurisdiction
¶ 36    Defendant argues that we do not have jurisdiction to consider the denial of plaintiff's motion for summary judgment. A denial of a summary judgment motion is not a final order

and is normally not appealable, even with Illinois Supreme Court Rule 304(a) (eff. Feb. 26, 2010) language. The supreme court recognized an exception where cross-motions for summary judgment are filed and granting one disposes of all the issues in the case. *Clark v. Children's Memorial Hospital*, 2011 IL 108656, ¶ 119.

¶ 37 Defendant maintains that the parties did not file cross-motions, because plaintiff's motion argued that the contract specified a fixed duration and that he substantially complied with the contract's terms, while defendant's motion argued only that plaintiff breached the contract. We disagree. The separate motions were two sides of the same issue and for all practicality were cross-motions for summary judgment, the grant of which, in defendant's favor, finally resolved plaintiff's two-count complaint. Because the resolution of this appeal necessarily entails that we consider the merits of both motions, both have been briefed here and in the trial court, and our review is *de novo*, we will address all of the issues raised in both motions.

¶ 38                                    2. Merits

¶ 39 Based on our analysis regarding the breach-of-contract count, we conclude that the July 15 letter of agreement specified a fixed duration, because payment was guaranteed for a minimum of 24 months and the contract did not include performance metrics. Therefore, we hold that defendant, not plaintiff, breached the contract. Our determination applies to the merits of plaintiff's motion for summary judgment for breach of contract.

¶ 40 Defendant contends that the contract's term of 24 months' duration is ambiguous as to whether it was meant to bind plaintiff, defendant, or both. Contract provisions are ambiguous only if they are subject to more than one reasonable interpretation. *Advocate Financial Group v. Poulos*, 2014 IL App (2d) 130670, ¶ 67. Defendant maintains that the inclusion of automatic bonuses makes clear that the parties did not intend defendant to be bound to plaintiff for two years. We fail to follow the logic of this argument. There is nothing in the contract regarding the parties' intentions other than defendant's guarantee to pay plaintiff bonuses and salary for two years. Defendant is reading into the contract something that simply is not there.

¶ 41                                 III. CONCLUSION

¶ 42 Based on the preceding, we affirm the order granting summary judgment in favor of defendant on the Wage Act count; we reverse the order granting defendant summary judgment on the breach-of-contract count; and we remand the cause for the trial court to enter summary judgment in favor of plaintiff on the breach-of-contract count and for further proceedings concerning damages.

¶ 43 Affirmed in part and reversed in part; cause remanded with directions.